COMMONWEALTH *vs.* JOSEPH MICHAEL CARDILE. June 8, 1981. The defendant was found guilty of nonsupport in a jury-of-six session in the. Boston Municipal Court on a complaint originating in the Dorchester District Court. Pursuant to G. L. c. 273, § 5, a support order was entered after his conviction, and the defendant was placed on probation. Subsequently, the support order was increased by a judge of the Dorchester District Court. The only claim made by the defendant in this appeal from the denial of his motion for postconviction relief, Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), is that a judge of the Dorchester District Court lacks jurisdiction to modify a support order entered by the Boston Municipal Court judge. We hold that he has such jurisdiction. (The defendant makes no claim that the revision of the support order is otherwise improper.)

General Laws c. 273, § 5, provides that after conviction "the court . . . may make an order, which shall be subject to change from time to time as circumstances may require, directing the defendant to pay certain sums periodically, for a term not exceeding six years." The defendant argues that the term "the court" means only the court making the original order, that is, in this case, the Boston Municipal Court. We reject this contention. A court order for support under G. L. c. 273, § 5, can be operative for as long as six years, and may require revision "from time to time" as "circumstances" change. There is nothing in the language of G. L. c. 273, § 5, to support the defendant's construction that "the court" means only the court which originally issued the order. Cf. *Commonwealth* v. *Mottola,* 10 Mass. App. Ct. 775, 777 (1980) (term "the judge" in Mass.R. Crim.P. 15[a][3][B], 378 Mass. 883 [1979], not limited to the judge who heard the original motion).

Following the recommendations of the Report on the State of the Massachusetts Courts 30-35 (1976) (Cox Committee report), appeals to the Superior Court for a trial de novo were abolished and jury-of-six sessions were provided in the District Courts. G. L. c. 218, §§ 26A & 27A. Paragraph (i) of G. L. c. 218, § 27A, indicates that the jury-of-six sessions were not intended to diminish the jurisdiction of the local community

courts over support orders which require ongoing supervision. Paragraph
(*i*), inserted by St. 1978, c. 478, § 189, provides, "In any case heard in a
jury-of-six session where a defendant is found guilty and placed on proba-
tion, he shall thereafter be supervised by the probation officer of the court
in which the case originated." Although the Chief Administrative Justice
has certain powers with respect to probation officers, see G. L. c. 211B,
§§ 8 and 9, under the statutory scheme of probation, probation officers
report to the Commissioner of Probation, G. L. c. 276, § 100, and not to
the judiciary as a whole. The judges of the District Courts appoint such
probation officers "as they . . . deem necessary for their respective courts,"
G. L. c. 276, § 83, as appearing in St. 1978, c. 478, § 290, and such of-
ficers report to the court "under the appointment of which [they] act[ ]."
G. L. c. 276, § 85. See also G. L. c. 276, § 87.

Section 27A(*i*) of G. L. c. 218, which provides for supervision of a de-
fendant by the probation officer of the originating court makes sense only if
that court is empowered to make appropriate orders. By arguing that the
Boston Municipal Court is the only court which may revise the order en-
tered under G. L. c. 273, § 5, the defendant would deprive of jurisdiction
the court having the most information and the one to which the probation
officer supervising the defendant reports. The policy expressed in G. L.
c. 218, § 27A(*i*), militates against this conclusion. See also Cox Committee
report, *supra* at 34, where, in a somewhat different context, it was noted
that "district judges are familiar with the community, its economic situa-
tion, and the employment opportunities. They can best judge what support
is reasonable and whether the violation is willful."

Because of our construction of G. L. c. 273, § 5, if for no other reason,
we do not think the use of the term "trial judge" in Mass.R.Crim.P. 29(a),
378 Mass. 899 (1979), requires a different result.

Since the defendant's construction is unsupported by statute or judicial
authority, the order denying postconviction relief is affirmed.

*So ordered.*

*John Stopa (Robert W. Hagopian* with him) for the defendant.
*Sharon D. Meyers,* Assistant District Attorney (*Peter Grabler,* Legal
Assistant to the District Attorney, with her) for the Commonwealth.