DONALD W. BUCKLEY *vs.* QUINCY DIVISION OF THE DISTRICT
COURT DEPARTMENT.

Suffolk. May 8, 1985. — September 11, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Practice, Criminal*, Probation. *District Court*, Jurisdiction.

The terms and conditions on which a criminal defendant is released on
probation are subject to judicial modification. [817-818]

Modification of the conditions of a criminal defendant's probation does not
amount to a revocation or revision of a sentence and, consequently, is
not governed by the terms of Mass. R. Crim. P. 29 (a). [818-819]

Where a criminal defendant convicted in the Quincy District Court appealed
to the jury session of the Dedham District Court and, after a plea of
guilty, was placed on probation by that court, and where there had been
no material change in the defendant's circumstances since the terms of
probation had been imposed, the Quincy District Court, which was
supervising the defendant's probation pursuant to G. L. c. 218, § 27A
(*i*), had no authority to modify the conditions of probation. [819-820]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on January 30, 1985.

The case was reported by *Abrams*, J.

*Kevin J. Madden* for the plaintiff.

*Annette C. Benedetto*, Assistant Attorney General, for the
defendant.

HENNESSEY, C.J. This action, brought under G. L. c. 211,
§ 3, raises several issues relative to the power of the Quincy
District Court to modify the terms and conditions of probation
originally imposed after a plea of guilty in a jury-of-six session
in the Dedham District Court. The plaintiff claims that condi-
tions of probation can only be modified pursuant to Mass. R.
Crim. P. 29, 378 Mass. 899 (1979), and that the Quincy
District Court's failure to comply with that rule rendered the
modification of the terms of his probation invalid. The plaintiff

further argues that, even if rule 29 is inapplicable, the Quincy District Court lacks jurisdiction to modify the conditions of probation originally imposed by another court. Finally, the plaintiff contends that such modification violates the plea agreement which he reached with the assistant district attorney in the jury-of-six session. We hold, in the circumstances here, that the Quincy District Court lacked the power to modify the terms and conditions of the plaintiff's probation.

The parties stipulated to the following facts. The plaintiff, Donald W. Buckley, was arrested in Quincy and charged with two offenses in connection with the reckless and erratic operation of his automobile. On May 15, 1984, before a jury-waived session of the Quincy District Court, the plaintiff was acquitted of operating under the influence, but found guilty of operating to endanger. He then exercised his right to a trial de novo in the jury-of-six session in Dedham. G. L. c. 278, § 18.

On August 22, 1984, before the judge of the jury-of-six session, the plaintiff entered a plea of guilty to the charge of operating to endanger. The plea was the product of an agreement between the plaintiff and the assistant district attorney, whereby the plaintiff would plead guilty in exchange for a recommendation that a two-year sentence be imposed, with twenty-one days to be served and the rest to be suspended. According to the agreement, the plaintiff would also be placed on probation for two years. The judge accepted the plea and the recommended sentence, and also imposed certain conditions on the plaintiff's probation.

Upon his release from prison, the plaintiff reported to the probation department of the Quincy District Court. See G. L. c. 218, § 27A (i) (1984 ed.). George Zoulalian was assigned as his probation officer. After several interviews with the plaintiff, as well as a review of the plaintiffs's criminal record and a prior probation profile submitted by another probation officer, Zoulalian concluded that the plaintiff "might have an alcohol abuse problem." Accordingly, Zoulalian ordered him to attend an alcohol abuse evaluation program. The plaintiff refused. Zoulalian then requested a hearing before a judge of the Quincy District Court to determine new conditions for probation.

Notice of the hearing was provided to the plaintiff.[1] After this hearing, on October 30, 1984, the judge ordered that the conditions of the plaintiff's probation be modified to require the plaintiff to submit to the alcohol abuse evaluation program (as well as whatever follow-up treatment was required). On January 30, 1985, Buckley commenced an action under G. L. c. 211, § 3 (1984 ed.), to revoke the order of the Quincy District Court. A single justice of this court reserved and reported the matter to the full bench.

1. *Modification of conditions of probation.* According to G. L. c. 276, § 87 (1984 ed.), "any district court . . . may place on probation in the care of its probation officer any person before it charged with an offense or a crime *for such time and upon such conditions as it deems proper*, . . . in any case after a finding or verdict of guilty" (emphasis added). See also G. L. c. 279, § 1 (1984 ed.). As the plaintiff argues, this grant of authority to the District Court to impose probation "upon such conditions as it deems proper" is not accompanied by any statutory authority to modify such conditions. Cf. 18 U.S.C. § 3651 (1982) ("The court may revoke or modify any condition of probation . . ."); *Burns* v. *United States*, 287 U.S. 216, 221 (1932). Nonetheless, we conclude, as a matter of well-established common law,[2] that courts do possess such authority, and that conditions of probation may be amended to serve "the ends of justice and the best interests of both the public and the defendant." *Id.*

---

[1] We need not decide whether notice and a hearing are constitutionally required before modification of the conditions of probation. Other jurisdictions have split on the issue. Compare *United States* v. *Cornwell*, 625 F.2d 686 (5th Cir.), cert. denied, 449 U.S. 1066 (1980), with *Matter of Appeal in Pinal County*, 131 Ariz. 187 (1981); and *Cook* v. *Commonwealth*, 211 Va. 290 (1970). See also ABA Standards Relating to Probation § 3.3 (Approved Draft 1970) (procedural protections required "[w]here the proposed modifications would result in a form of confinement as a condition of continued probation").

[2] We note that, in Massachusetts, the practice of placing defendants on probation began independently of statutory authorization. See Grinnell, Probation as an Orthodox Common Law Practice in Massachusetts Prior to the Statutory System, 2 Mass. L. Q. 591, 610-612 (1917). In fact, according

"The success of probation as a correctional tool is in large part tied to the flexibility within which it is permitted to operate." ABA Standards Relating to Probation § 3.3 commentary (Approved Draft 1970).[3] Consequently, we have recognized that the "'terms and conditions' [of probation] may be subject to modification from time to time as a proper regard for the welfare, not only of the defendant but of the community, may require." *Commonwealth* v. *McGovern,* 183 Mass. 238, 240 (1903). We adhere to the principle set forth in *McGovern* as a necessary complement to the power granted to the courts of the Commonwealth by G. L. c. 276, § 87.

The plaintiff contends that, even if a court does have the power to modify the conditions of probation, such power must be exercised in accord with Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979).[4] Because the probationary terms were not modified by "[t]he trial judge upon his own motion or the written motion of a defendant filed within sixty days," the plaintiff claims that the modification is invalid. We disagree. The addition of reasonable conditions[5] to an individual's pro-

---

to one treatise, "John Augustus, a Boston shoemaker, is generally credited as the 'father of probation.' Beginning in 1841, Augustus regularly volunteered to facilitate the release of drunkards. He supplied bail and rudimentary counseling." N. Cohen & J. Gobert, The Law of Probation and Parole § 1.02, at 7 (1983).

[3] The importance of flexibility in the operation of a probation system has since been incorporated into the most recent compilation of the ABA Standards. See 3 ABA Standards for Criminal Justice, Sentencing Alternatives and Procedures § 18-7.3 (1982 Supp.) ("[T]he court should be authorized . . . to increase the conditions under which [sentences not involving confinement] will be permitted to continue in effect").

[4] This rule provides that "[t]he trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence, within sixty days after receipt by the trial court of a rescript issued upon affirmance of the judgment or dismissal of the appeal, or within sixty days after entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction, may upon such terms and conditions as he shall order, revise or revoke such sentence if it appears that justice may not have been done."

[5] We need not precisely define that point at which the modification of probationary terms is so drastic that it becomes the revision of a sentence subject to the requirements of rule 29. The modification at issue here is a nonpunitive rehabilitative measure, designed to facilitate the successful

bation does not constitute a revision or revocation of a sentence under rule 29. We note that the related Federal rule, Fed. R. Crim. P. 35, which governs the correction or reduction of sentences, does not apply to the modification of the terms of probation. See Fed. R. Crim. P. 32.1 (b). Moreover, applying the requirements of rule 29 to situations such as this would wholly defeat that flexibility so essential to the success of a probationary system. See ABA Standards Relating to Probation, *supra.* For instance, rule 29 would require that changes be made on motion filed within sixty days of the imposition of sentence, even though probationary periods typically last much longer. See *Commonwealth* v. *Brandano,* 359 Mass. 332, 336 (1971) ("defendant placed on probation is under the court's supervision pending further order or final judgment"). Furthermore, application of rule 29 would preclude consideration of events occurring subsequent to the original imposition of the sentence, see *Commonwealth* v. *Layne,* 386 Mass. 291, 295 (1982), even though changed circumstances are generally stated as the grounds for modification of the terms of probation. See N. Cohen & J. Gobert, *supra* § 7.05. Finally, we note that the probation officer would have no authority, under rule 29, to file a motion for modification of terms, despite the fact that the probation officer is the individual most familiar with the probationer and his progress. In short, rule 29 is wholly unsuited as a device for the modification of the terms and conditions of probation.

2. *Jurisdiction of the Quincy District Court.* According to G. L. c. 218, § 27A (*i*) (1984 ed.), "[i]n any case heard in a jury-of-six session where a defendant is found guilty and placed on probation, he shall thereafter be supervised by the probation officer of the court in which the case originated." The plaintiff contends that the power to modify the terms of probation is not inherent in this grant of supervisory authority, and thus that the Quincy District Court had no power to modify the terms of the plaintiff's probation once these terms were set by

reintegration of the plaintiff into the community. See generally N. Cohen & J. Gobert, *supra* §§ 5.01-5.10.

the judge of the Dedham District Court. We agree with the plaintiff that the supervisory court has no power to modify the terms of probation in the circumstances present here, i.e., where there has been no material change in the probationer's circumstances since the time that the terms of probation were initially imposed by another court.

We have already reaffirmed the importance of flexibility in the operation of a probationary system. Our holding does not limit whatever authority is held by the supervisory court to modify conditions where there has been a material change in circumstances (such as a violation of a condition of probation). Nor need we outline those situations in which the *sentencing* court might modify the terms of probation. In this case, however, we are confronted with a substantial modification of the plaintiff's probationary conditions, imposed by a court other than the sentencing court, without any showing of a change in circumstances. This, we conclude, is an unwarranted exercise of the supervisory power granted by G. L. c. 218, § 27A (*i*). We disagree with any suggestion to the contrary in *Commonwealth* v. *Cardile,* 12 Mass. App. Ct. 872 (1981).[6]

Judgment is to be entered in the county court vacating the challenged order of the Quincy District Court, and reinstating the original terms of probation.

*So ordered.*

---

[6] In light of our conclusion, we need not reach the plaintiff's contention that the modification of the terms of his probation constituted a violation of the plea agreement which he had made with the assistant district attorney in the jury-of-six session.