VICTOR J. HUNT *vs.* COMMONWEALTH. July 12, 2001. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner appeals from an order by a single justice of this court declining to exercise the court's superintendent powers pursuant to G. L. c. 211, § 3, to compel the Appeals Court to "correct or modify" the appellate record in a case that was before it and in which the petitioner was a party. In essence, the petitioner sought to supplement the appellate record with his recollections of jurisdictional arguments made at an unrecorded oral argument before the Appeals Court. Both parties acknowledge that the jurisdictional issue was presented in the petitioner's written submissions to the Appeals Court.

The petitioner does not argue that he did not receive full and proper review of the jurisdictional arguments made by himself and the Commonwealth. Accordingly, he does not demonstrate "a substantial claim of violation of his substantive rights," *Dunbrack* v. *Commonwealth*, 398 Mass. 502, 504 (1986), by the mere fact that statements that may have been made at oral argument were not recorded.[1] The order of the single justice is affirmed.

*So ordered.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Rami M. Vanegas*, Assistant District Attorney, for the Commonwealth.

*Victor J. Hunt*, pro se.

---

[1]To the extent that the petitioner alleges that he had a broad "substantive right" to have the content of oral argument included in the appellate record, the single justice could have denied relief on the grounds that (1) the petitioner had no right to oral argument (see Rule 1:28 of the Rules of the Appeals Court [2000]); (2) the petitioner points to no authority requiring that appellate oral arguments be recorded; and (3) the petitioner was not entitled to rely on issues raised at oral argument that were not contained in his brief (Mass. R. A. P. 16 [a] [4], as amended, 367 Mass. 921 [1975]) and, conversely, would not have waived any matter raised in his brief by failing to argue it orally (*id.*). Accordingly, any change in the appellate record to include the petitioner's recollection of what transpired at oral argument would have no effect on his substantive rights.