**Richard A. JONES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 55A05–0212–CR–617.**

Court of Appeals of Indiana.

June 13, 2003.

William Van Der Pol, Jr., Martinsville, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Andrew A. Kobe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Richard A. Jones ("Defendant") appeals from the trial court's order modifying the terms of his probation for his conviction of sexual bat-

tery, a Class D felony, Ind.Code § 35–42–4–8(a).

We affirm in part, and reverse in part.

## ISSUE

Defendant presents the following issue for our review which restated is: whether a trial court may modify the terms of a defendant's probation absent a violation of probation.

## FACTS AND PROCEDURAL HISTORY

On January 11, 2002, Defendant was charged with two counts of sexual misconduct with a minor, Class B felonies. On April 22, 2002, Defendant entered into a plea agreement in which Defendant was to plead guilty to one count of sexual battery, a Class D felony, with open sentencing, in exchange for the dismissal of the two counts of sexual misconduct with a minor. On May 23, 2002, the trial court, by a temporary judge, accepted Defendant's guilty plea and sentenced Defendant on the conviction for the Class D felony with alternative Class A misdemeanor treatment. The trial court sentenced Defendant to time served and one year of probation that included standard conditions of probation.

On June 7, 2002, the Morgan County Probation Department petitioned the court to modify the probation conditions to include "specific sex offender conditions of supervision." Appellant's App. at 14. The trial court, over Defendant's objections, modified Defendant's probation conditions to include statutorily required conditions as well as additional conditions applicable to sex offenders, but not required by statute. Defendant had not violated the conditions of his probation at the time the modification. This appeal ensued.

## DISCUSSION AND DECISION

The authority to fix a sentence within statutorily prescribed parameters is a discretionary power vested in the trial court. *Hurst v. State,* 717 N.E.2d 883, 886 (Ind.Ct.App.1999). This sentencing authority includes the statutory discretion to suspend and to order probation and establish its terms. *Id.* Probation is a matter of grace and a conditional liberty that is a favor, not a right. *Id.* The decision whether to grant probation and to determine the conditions of probation are matters within the sound discretion of the trial court. *Id.*

The trial court has broad discretion in imposing conditions of probation in order to create law-abiding citizens and to protect the community with the only limitation being that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. *Id.* Indiana Code 35–38–2–2.3(a) provides a list of twenty requirements that a trial court may impose as conditions of probation. *Id.* However, as our supreme court noted in *Freije v. State,* 709 N.E.2d 323, 324 (Ind.1999), when plea agreements are involved Ind.Code § 35–35–3–3(e) imposes limits on the discretion to impose conditions of probation.

Ind.Code § 35–35–3–3(e) provides that if a trial court accepts a plea agreement then the trial court is bound by the terms of the plea agreement. Despite the language of a plea agreement, a trial court may impose conditions of probation that are administrative or ministerial. *See Freije,* 709 N.E.2d at 325. Such standard conditions of probation include reporting to the probation department, notifying the probation officer about changes in address or employment, supporting dependents, and remaining within the jurisdiction of the court. *Id.* Further, even some special or additional conditions that do not materially add to the punitive obligation may be

imposed consistent with the court's obligation to be bound by the terms of the plea agreement even if those conditions are not recited in the plea agreement. *Id.* However, such conditions that materially add to the punitive obligation, community service or home detention for example, may not be imposed in the absence of a plea agreement provision giving the trial court discretion to impose conditions of probation. *Id.* at 325–326.

For those, like Defendant, who have pleaded guilty to or are convicted of a sexual battery, Ind.Code § 35–38–2–2.2 requires the trial court to impose as terms of probation that the defendant register with the sheriff or police chief of a consolidated city, and refrain from residing within one thousand feet of school property for the period of probation.

Defendant contends that once the trial court accepted the plea agreement, sentenced the Defendant, and imposed the original conditions of probation, the trial court retained only that jurisdiction permitted by the judgment itself, as given by court rule, or by statute. Appellant's Br. at 6. Defendant contends that the trial court in this specific circumstance was without jurisdiction to impose additional conditions of probation.

We also note that the Defendant seems to concede that the trial court erred by failing to impose the statutorily required conditions of probation. Appellant's Br. at 7. However, the Defendant argues that the fourteen additional conditions imposed later, and absent a violation, went too far. *Id.*

■ As previously stated, a court's sentencing power includes the statutory discretion to order probation and set out its terms. *See Freije,* 699 N.E.2d at 721. Further, broad discretion notwithstanding, a trial judge is required to act within statutorily prescribed limits. *See Niece v.*

*State,* 456 N.E.2d 1081, 1084 (Ind.Ct.App. 1983). A sentence which is contrary to or violative of, the penalty mandated by the applicable statute is an illegal sentence. *Id.* It makes no difference whether the sentencing error followed a trial or a guilty plea. *Id.* The trial court has the power to correct the illegal sentence in either case. *Id.*

■ In the present case, Defendant pleaded guilty to sexual battery. Ind.Code § 35–38–2–2.2 compels the trial court when imposing conditions of probation for those offenders to require offenders to register with local law enforcement officials and to prohibit those offenders from residing within one thousand feet of school property. The regular judge had the power to correct this error in Defendant's sentence. We affirm the trial court's decision to impose those two statutorily required conditions of probation.

■ However, the trial court went further. Defendant also challenges the imposition of fourteen additional conditions of probation absent a violation of probation at that later hearing.

Ind.Code § 35–38–2–1(b) does state that a trial court may modify the conditions of probation or terminate the probation *at any time.* (Emphasis added). However, the cases discussing the trial court's power to modify the conditions at any time involve defendants who are in court on a petition to revoke probation. *See, e.g., Clark v. State,* 580 N.E.2d 708, 710 n. 1 (Ind.Ct.App.1991); *Malone v. State,* 571 N.E.2d 329, 330–331 (Ind.Ct.App.1991).

We turn to cases from other jurisdictions as we have found no Indiana case directly on point. In *Buckley v. Quincy Division of the District Court Department,* 395 Mass. 815, 482 N.E.2d 511 (1985), the defendant's bench trial in Quincy resulted

in an acquittal of the charge of operating under the influence, but guilty of the charge of operating to endanger. The defendant exercised his right to a trial de novo in another court in Dedham. However, the defendant entered a guilty plea to the charge of operating to endanger. The defendant was to receive a two-year sentence with twenty-one days to be served with the rest suspended and two years of probation to be supervised by the probation department in Quincy.

After the defendant met with his probation officer several times, and after a review of the defendant's criminal record and prior probation profile, his probation officer determined that the defendant might have an alcohol abuse problem. The probation officer ordered the defendant to attend an alcohol abuse evaluation program. The defendant refused to comply. The probation officer then requested a hearing before the trial court in Quincy to determine new conditions of probation. After the hearing, the trial court in Quincy modified the defendant's conditions of probation to require the defendant to submit to the alcohol abuse evaluation program. The Supreme Judicial Court of Massachusetts held that absent a material change in circumstances, such as a violation of a condition of probation, the supervisory court had no power to modify the defendant's probation. 395 Mass. at 820, 482 N.E.2d 511.

In addition, in *Dunbrack v. Commonwealth,* 398 Mass. 502, 498 N.E.2d 1056, 1058 (1986), the Supreme Judicial Court of Massachusetts held that the original sentencing judge was allowed to modify the conditions of probation to fit within the statutory scheme. The defendant had previously been convicted of operating a motor vehicle while under the influence of alcohol. His probation was based upon information that this was a first offense for the defendant. A statute specifically stated that second offenders were ineligible to participate in the driver alcohol education program ordered by the trial court. The trial court modified the conditions of the defendant's probation to fit that of a second offender.

We find this rationale to be persuasive. In the present case, the Defendant had not violated the conditions of his probation when the regular judge issued the additional conditions of his probation. Even though the additional conditions arguably are reasonably related to the rehabilitation of the Defendant, the trial court went too far by imposing these additional conditions not required by statute.

Therefore, we find that the trial court abused its discretion by imposing the additional conditions of probation that were not mandated by statute. There was no material change in circumstances from the time of the imposition of the original conditions of probation to warrant a modification. We reverse the trial court's decision to impose those additional terms.

### CONCLUSION

We affirm the trial court's decision to correct the Defendant's sentence by imposing the statutorily required conditions of probation for an offender convicted of sexual battery. However, we reverse the trial court's decision to impose additional conditions of probation absent a material change in circumstances since sentencing and vacate that portion of the trial court's order.

Affirmed in part, and reversed in part.

DARDEN and BAILEY, JJ., concur.