## COMMONWEALTH vs. DAVID INDELICATO.

No. 09-P-1243.

Middlesex. March 29, 2010. - July 2, 2010.

Present: TRAINOR, RUBIN, & FECTEAU, JJ.

*Practice, Criminal,* Probation. *Intoxication.*

A criminal defendant's being taken into protective custody by the police for extreme intoxication in public was a material change in circumstances within the meaning of case law sufficient to support a trial court judge's modification of the defendant's probation (resulting from his third conviction of operating a motor vehicle while under the influence of intoxicating liquor) to include the reasonable conditions that he remain alcohol-free and submit to random alcohol testing. [183]

COMPLAINT received and sworn to in the Natick Division of the District Court Department on August 14, 2008.

An order modifying the conditions of probation was entered, on April 14, 2009, by *Sarah B. Singer,* J.

The case was submitted on briefs.

*Gerard T. Leone, Jr.,* District Attorney, & *Kevin J. Curtin,* Assistant District Attorney, for the Commonwealth.

*David S. Levinson* for the defendant.

RUBIN, J. The defendant's original conditions of probation following his third conviction of operating a motor vehicle while under the influence of intoxicating liquor, see G. L. c. 90, § 24(1)(*a*)(1), included mandatory attendance at Alcoholics Anonymous (AA) meetings four times per week. While on probation, Natick police placed him in protective custody after encountering him on the street in a state of intoxication, attempting to push one bicycle while straddling another. The defendant smelled of, and admitted consuming, alcohol. Subsequently, after a hearing, a District Court judge modified the defendant's conditions of probation, at a probation officer's

request, to include "no alcohol" and random alcohol screenings. The defendant appeals, arguing that there was neither a violation of the defendant's probation, nor any other "material change in circumstances" warranting the modification. See *Buckley* v. *Quincy Div. of Dist. Ct. Dept.*, 395 Mass. 815, 820 (1985).

Reasonably understood, the condition of attendance at AA meetings was not, as the defendant in essence argues here, merely a formal requirement to be in a specific place four times per week. This was a condition designed to ensure that the defendant's alcohol problems were addressed and to maintain his sobriety. Indeed, the conditions of probation *must* be reasonably related to recognized probationary goals. See *Commonwealth* v. *Gomes*, 73 Mass. App. Ct. 857, 859 (2009). The defendant's being taken into protective custody by the police for extreme intoxication in public was a material change in circumstances within the meaning of case law sufficient to support the motion judge's modification of his probation to include the reasonable conditions that he remain alcohol free and submit to random alcohol testing. See *Buckley* v. *Quincy Div. of Dist. Ct. Dept.*, 395 Mass. at 819-820; *Commonwealth* v. *Morales*, 70 Mass. App. Ct. 839, 843 (2007). The order entered on April 14, 2009, modifying the conditions of the defendant's probation, is affirmed.

*So ordered.*