Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM VAN DER POL, JR.**
Martinsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana
Indianapolis, Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JASON SCHAPKER,                           )
                                          )
    Appellant-Defendant,                  )
                                          )
      vs.                               )    No. 55A01-1106-CR-258
                                          )
STATE OF INDIANA,                         )
                                          )
    Appellee-Plaintiff.                   )

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane Spencer Craney, Judge
Cause No. 55D03-0508-FB-198

**January 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Defendant-Appellant Jason Schapker appeals the revocation of his probation. We affirm.

## ISSUE

Schapker presents one issue, which we restate as: whether the trial court properly revoked Schapker's probation.

## FACTS AND PROCEDURAL HISTORY

Schapker pleaded guilty to Class B felony child molesting on February 2, 2006. On April 10, 2006, the trial court sentenced Schapker to twelve years suspended to eight years and four years of probation. Schapker filed a direct appeal, and this Court affirmed his sentence in a memorandum decision. *See Schapker v. State*, No. 55A05-0606-CR-338 (Ind. Ct. App. Feb. 9, 2007).

On August 27, 2009, the State filed a petition to revoke Schapker's probation. On December 3, 2009, a hearing was held on the State's petition and the court determined that Schapker "did violate the spirit of the order, but did not technically violate." Appellant's App. p. 84. Also at the hearing, the court imposed the newly-revised special conditions of probation for adult sex offenders and continued Schapker's probation.

In April 2010, the State filed another petition to revoke Schapker's probation. At the hearing on this violation, Schapker admitted the violation. A further petition to revoke Schapker's probation was filed in October 2010, and the hearing on this petition was held on March 24, 2011 and May 23, 2011. The court found that Schapker had

violated his probation conditions, sentenced him to 1080 days, and revoked and terminated his probation as unsuccessful. This appeal ensued.

DISCUSSION AND DECISION

Schapker contends that the trial court erred by revoking his probation. Specifically, he argues that the trial court erred by imposing the new special conditions of probation at the December 3, 2009 hearing.

A revocation hearing is in the nature of a civil proceeding, and the State must prove an alleged violation only by a preponderance of the evidence. *See* Ind. Code § 35-38-2-3(e) (2010); *Kincaid v. State*, 736 N.E.2d 1257, 1259 (Ind. Ct. App. 2000). The decision to revoke a defendant's probation is a matter within the sound discretion of the trial court. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). Thus, on appeal, we review the trial court's decision for an abuse of that discretion. *Id.*

Although Schapker has filed an appeal of the May 2011 revocation of his probation, his appeal focuses solely on the trial court's imposition of the updated special conditions of probation at the December 3, 2009 hearing. Schapker failed to appeal the trial court's December 2009 order; instead, he is attempting an impermissible collateral attack on his underlying sentence, specifically the trial court's December 2009 order. The propriety of the imposition of the updated probation conditions was not before the trial court in the May 2011 probation revocation proceeding, and Schapker has no basis to raise the issue in an appeal from that probation revocation. *See, e.g.*, *Schlichter v.*

3

*State*, 779 N.E.2d 1155, 1157 (Ind. 2002) (defendant could not challenge trial court's imposition of consecutive sentences on appeal from his probation revocation).

Impermissible collateral attack notwithstanding, Schapker's claim fails. The trial court did not abuse its discretion by modifying Schapker's probation conditions in December 2009 even though the court found no probation violation at that time. The trial court had authority to modify Schapker's terms of probation pursuant to Indiana Code section 35-38-2-1.8 (2005). This statute specifically provides for alteration of probation terms even in the absence of a violation. *See* Ind. Code § 35-38-2-1.8; *Collins v. State*, 911 N.E.2d 700, 708 (Ind. Ct. App. 2009), *trans. denied*. Schapker cites *Jones v. State*, 789 N.E.2d 1008 (Ind. Ct. App. 2003), *trans. denied*, in support of his argument; however, his reliance is misplaced because Indiana Code section 35-38-2-1.8 superseded *Jones*. *See Collins*, 911 N.E.2d at 708.

## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not abuse its discretion by revoking Schapker's probation.

Affirmed.

FRIEDLANDER, J., and DARDEN, J., concur.

4