DAVID GANGI *vs.* MASSACHUSETTS PAROLE BOARD.

Suffolk. November 5, 2013. - June 11, 2014.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Sex Offender. Community Parole Supervision for Life. Constitutional Law,*
Sentence, Sex offender, Parole. *Due Process of Law,* Sentence, Sex of-
fender, Parole. *Practice, Criminal,* Sentence, Parole. *Practice, Civil,* Sex
offender. *Parole. Imprisonment,* Parole.

This court vacated the imposition on the petitioner of community parole
   supervision for life (CPSL) and the continuation of his temporary confine-
   ment as a sanction for a CPSL violation, where G. L. c. 127, § 133D (*c*),
   the portion of the CPSL statutory scheme that provides for the imposition
   of periods of incarceration by the parole board for CPSL violations, violates
   separation of powers principles by permitting the executive branch to
   exercise the judicial power to impose sentences, and where any refashion-
   ing of the petitioner's sentence would increase his aggregate punishment
   and violate double jeopardy protections [325-326]; further, this court
   concluded that the Commonwealth was not authorized to initiate a sexually
   dangerous person proceeding against the petitioner while he was incarcer-
   ated temporarily during the pendency of the CPSL violation proceedings,
   because the petitioner was under parole board supervision due to his
   unlawful CPSL sentence and, therefore, could not be considered a prisoner
   for purposes of G. L. c. 123A, § 12 (*b*) [326-327].

CIVIL ACTION commenced in the Supreme Judicial Court for
the county of Suffolk on May 30, 2013.

The case was reported by *Duffly,* J.

*John Fennel,* Committee for Public Counsel Services, for the
plaintiff.

*Ryan E. Ferch,* Assistant Attorney General, for the defendant.

CORDY, J. In 2013, while serving a sentence of community
parole supervision for life (CPSL), the petitioner, David Gangi,
produced a positive drug test result in violation of a condition
of his CPSL. During the CPSL revocation proceedings that fol-
lowed, he was confined pursuant to parole board regulations
authorizing temporary custody pending a hearing on the violation.
While he was so confined, the Commonwealth filed a petition

in the Superior Court alleging that the petitioner was a sexually dangerous person (SDP), pursuant to G. L. c. 123A, § 12 (*b*). After a CPSL violation was found by the parole board, the petitioner's confinement continued as a sanction for the CPSL violation, and at the conclusion he was civilly committed pending the outcome of the SDP petition.

The petitioner then filed a complaint for declaratory and injunctive relief with a single justice of the county court, pursuant to G. L. c. 231A, § 1, seeking a declaration that his due process rights were violated in the CPSL revocation proceeding because the parole board did not disclose the evidence against him, that his CPSL sentence was unconstitutional under the separation of powers principles of art. 30 of the Massachusetts Declaration of Rights, and that because his CPSL sentence was unconstitutional he was not a prisoner for purposes of the SDP statute when the SDP petition was filed. After a hearing, the single justice reserved and reported the case to the full court. We heard the case concurrently with other cases also raising questions regarding the constitutionality of the CPSL sentence.

We conclude that the petitioner's CPSL sentence and his confinement pursuant to G. L. c. 127, § 133D (*c*), were unlawful. See *Commonwealth* v. *Cole, ante* 294, 308-309 (2014). As a result, the petitioner was not a "prisoner" for purposes of G. L. c. 123A, § 12 (*b*), at the time the Commonwealth filed its SDP petition. See *Coffin* v. *Superintendent, Mass. Treatment Ctr.,* 458 Mass. 186, 189 (2010).[1]

*Background.* In January, 2008, the petitioner was convicted of indecent assault and battery on a person fourteen years of age or older, in violation of G. L. c. 265, § 13H. He was sentenced to a period of imprisonment, followed by CPSL as requested by the Commonwealth. The petitioner lived in the

---

[1]We decline to address the question whether the petitioner's due process rights were violated at his parole revocation hearing. Because of the court's decision in *Commonwealth* v. *Cole, ante* 294, 308-309 (2014), community parole supervision for life (CPSL) is now an unconstitutional sentence, and the question of what process is due in a CPSL parole revocation hearing is moot. See *Libertarian Ass'n of Mass.* v. *Secretary of the Commonwealth,* 462 Mass. 538, 547 (2012), citing *Massachusetts Ass'n of Indep. Ins. Agents & Brokers* v. *Commissioner of Ins.,* 373 Mass. 290, 292-293 (1977); *Boston Herald, Inc.* v. *Superior Court Dep't of the Trial Court,* 421 Mass. 502, 504 (1995), and cases cited.

community as a CPSL parolee from August, 2012, until April, 2013, when a routine drug test showed a positive result for opiates.[2] He was held in custody beginning on April 2, 2013, and through the pendency of the CPSL revocation proceedings. At his preliminary and final revocation hearings, the petitioner challenged the science underlying the drug tests and asserted that his due process rights were violated in the parole board's denial of his request for information on the testing procedures. On April 30, 2013, the parole board issued its decision finding that the petitioner had violated a CPSL condition.[3] He was scheduled to be released on May 1, 2013, apparently with credit given for his time in temporary custody and pursuant to the graduated sanctions in G. L. c. 127, § 133D (c), which provided for a mandatory thirty-day period of incarceration for a first violation of a CPSL condition by a CPSL parolee.

One day prior to the issuance of the parole board's final decision, the Commonwealth filed an SDP petition, pursuant to G. L. c. 123A, § 12 (b), accompanied by a motion to temporarily commit the petitioner. The motion was granted on April 30, the same day as the parole board's decision, and the petitioner was temporarily committed to the Massachusetts Treatment Center pursuant to G. L. c. 123A, § 12 (e), on May 1, 2013. On May 30, 2013, while the petitioner remained temporarily committed pending a decision on the SDP petition, the petitioner filed the present action.[4]

*Discussion.* a. *Constitutionality of CPSL sentence.* The petitioner advances the argument, also made in *Cole, supra* at 308, that CPSL unconstitutionally permits the executive branch to

---

[2]In 2010, while the petitioner was serving the imprisonment component of his sentence, the Commonwealth filed a petition alleging that the petitioner was a sexually dangerous person (SDP), under G. L. c. 123A, § 12 (b). He was temporarily committed and released nearly two years later following the dismissal of the petition on procedural grounds. See *Gangi* v. *Commonwealth,* 462 Mass. 158, 163 (2012). As a result, although the petitioner was technically released to parole board supervision on September 10, 2010, he remained temporarily committed at the Massachusetts Treatment Center until May, 2012. From May, 2012, until August, 2012, the petitioner was largely held in custody for various reasons.

[3]The petitioner did not seek reconsideration of the parole revocation decision or appeal the decision. See 120 Code Mass. Regs. §§ 304.02, 304.03 (1997).

[4]The petitioner filed a motion to stay the SDP proceedings pending action for declaratory and injunctive relief, which was denied on June 3, 2013.

exercise the judicial power to impose sentences. In *Cole, supra,* the court held that G. L. c. 127, § 133D (*c*), the portion of the CPSL statutory scheme that provides for the imposition of periods of incarceration by the parole board for CPSL violations, violates our separation of powers principles. The court determined that this portion of the statute could not be severed from the remainder, and therefore struck the entirety of the CPSL scheme as unconstitutional. See *Cole, supra* at 308-309. In light of the court's decision in *Cole, supra,* the petitioner's CPSL sentence must be vacated.[5]

As in *Cole, supra* at 311, resentencing here is "not a viable option" because the petitioner has served the full term of imprisonment to which he was originally sentenced. The only remaining punishment he stands to serve is CPSL. Any refashioning of his sentence would increase the petitioner's aggregate punishment and violate double jeopardy protections. See *id.*; *Commonwealth* v. *Cumming,* 466 Mass. 467, 473-474 (2013); *Commonwealth* v. *Goodwin,* 458 Mass. 11, 18 (2010), quoting *Buckley* v. *Quincy Div. of the Dist. Court Dep't,* 395 Mass. 815, 820 (1985).

b. *SDP petition.* That the petitioner was serving an unlawful CPSL sentence at the time the Commonwealth filed its SDP petition is fatal to the petition. The person against whom an SDP petition is brought must be a "prisoner" at the time of filing. See G. L. c. 123A, § 12 (*b*); *Commonwealth* v. *Gillis,* 448 Mass. 354, 358-359 (2007). We agree with the petitioner that he was not lawfully a prisoner for the purposes of G. L. 123A, § 12 (*b*). See *Coffin,* 458 Mass. at 189.

In *Coffin,* 458 Mass. at 190, we determined that "the constitutional invalidity of [the petitioner's] sentence" was critical to

---

[5]Even prior to our decision in *Cole, supra* at 308-309, the petitioner's CPSL sentence may have been unconstitutional. It is unclear from the record whether the petitioner was sentenced to CPSL as a first-time offender convicted of indecent assault and battery, pursuant to the first sentence of G. L. c. 265, § 45, or as a repeat offender, pursuant to the third sentence of G. L. c. 265, § 45. In *Commonwealth* v. *Pagan,* 445 Mass. 161, 173-174 (2005), we held that it is unconstitutional to sentence first-time sex offenders to CPSL under G. L. c. 265, § 45, or to sentence a repeat offender under the same statute without charging or indicting him as such. Accordingly, the petitioner's CPSL sentence potentially could have been vacated on a motion to correct an illegal sentence pursuant to Mass. R. Crim. P. 30 (a), *as appearing in* 435 Mass. 1501 (2001).

the assessment whether he was a prisoner for purposes of § 12 (*b*). We held that a CPSL parolee who was incarcerated for a CPSL violation pursuant to G. L. c. 127, § 133D (*c*), and whose CPSL sentence was unconstitutional under *Commonwealth v. Pagan*, 445 Mass. 161, 173, 174 (2005), could not be considered a prisoner.

Here, at the time the SDP petition was filed, the petitioner was being held under presumptively lawful parole board regulations, authorized by statute, permitting the temporary detention of a parolee through the pendency of revocation proceedings.[6] See G. L. c. 127, § 149A; 120 Code Mass. Regs. §§ 303.04(1), 303.13(2)(b), 303.15(1)(a), (2) (1997). However, he was under the supervision of the parole board because of his CPSL sentence, which is now a facially unconstitutional sentence under *Cole, supra* at 308. This custodial period during which the parole board conducted its adjudications is undoubtedly part of the unconstitutional CPSL scheme, as it is during this period that the parole board would engage in the judicial power to adjudicate and sentence. See *id.* at 308-309. Accordingly, because the petitioner was under parole board supervision due to his unlawful CPSL sentence, he may not be considered a prisoner for purposes of G. L. c. 123A, § 12 (*b*). See *Coffin*, 458 Mass. at 189. The Commonwealth therefore was not authorized to initiate an SDP proceeding against him. See *id.* at 190.

*Conclusion.* The petitioner's CPSL sentence, along with his incarceration pursuant to G. L. c. 127, § 133D (*c*), were unlawful, and consequently he was not a "prisoner" for purposes of G. L. c. 123A, § 12 (*b*), at the time the Commonwealth filed its SDP petition. See *Cole, supra* at 308-309. See also *Coffin*, 458 Mass. at 189. The case is remanded to the single justice for entry of a declaratory judgment consistent with this opinion.

*So ordered.*

---

[6]The petitioner was held during the pendency of his revocation proceedings pursuant to the recommendation of the hearing officer at his preliminary revocation hearing. The final revocation hearing was held on April 26, 2013, and the parole board issued its decision to revoke the petitioner's parole on April 30. On April 29, 2013, the Commonwealth filed the SDP petition. The petitioner was therefore held in custody pursuant to parole board regulations rather than G. L. c. 127, § 133D (*c*), at the time the petition was filed. See G. L. c. 127, § 149A; 120 Code Mass. Regs. §§ 303.04(1), 303.13(2)(b), 303.15(1)(a), (2) (1997).