The defendant, Felippe Martins, appeals from the revocation of his probation after a plea to being a youthful offender. The defendant contends that the condition of probation that he have "no gang involvement" was unconstitutionally vague and did not provide reasonable guidance. We affirm.
Background. The defendant pleaded to being a youthful offender with respect to one count of possession of a large capacity firearm, in violation of G. L. c. 269, § 10(m ). A Juvenile Court judge accepted the defendant's plea, found him to be a youthful offender, and on December 22, 2015, sentenced him to commitment to the Department of Youth Services (DYS) until the age of twenty-one, suspended, and placed him on probation until August 14, 2019. One of the conditions of probation was that the defendant have "no gang involvement."
We summarize the facts consistent with the judge's ruling. Shortly after sentencing, the defendant's probation officer made an unannounced visit to the defendant's home and saw the defendant with Y.R., whom he knew to be a member of the Young Gunners gang.[2] The probation officer and the defendant met the next day. When questioned about social media accounts, the defendant denied that he had a Facebook page, claiming that he used his girl friend's account.
By checking Y.R.'s account, the probation officer found a Facebook profile page in the name of "Dopeboy YGz" with the defendant's picture. Dopeboy is the defendant's nickname, and YGz is the plural of Young Gunners. He also found Twitter and Instagram accounts with the defendant's picture and the name "DB" or "DBtheShoota." "DB" stands for "Dopeboy." The accounts contained multiple pictures of the defendant making hand signals or "throwing" gang signs associated with membership in the Young Gunners gang.[3] Several of these pictures postdated his plea.[4]
Discussion. We review a judge's decision to revoke probation for an abuse of discretion or error of law. Commonwealth v. Bukin, 467 Mass. 516, 519-520 (2014). "The notice requirement [of a probation condition] can be satisfied by 'an imprecise but comprehensible normative standard so that [people] of common intelligence will know its meaning.' " Commonwealth v. Kendrick, 446 Mass. 72, 75 (2006) (quotation omitted). See Commonwealth v. Ruiz, 453 Mass. 474, 479 (2009) (quotation omitted) ("[A] condition of probation must provide 'reasonable guidance' as to the conduct prohibited so that people of 'common intelligence' will understand its meaning"). "A judge's inquiry whether a defendant has received the required 'fair notice' is not 'confined to the four corners of the probation order'; rather, the order's meaning may be illuminated by the judge's statements and other events that are part of the notification process." Id. at 479-480 (quotation omitted). "As a general rule, a condition of probation is enforceable, even if it impacts a defendant's ability to exercise constitutionally protected rights, so long as it is 'reasonably related' to the goals of sentencing and probation." Commonwealth. v. Riz, 90 Mass. App. Ct. 10, 12 (2016) (quotation omitted).
The condition of probation at issue provides "reasonable guidance" as to the conduct prohibited. Kendrick, supra. The probation order stated "no gang involvement." The importance of this condition was stressed by the judge at the time of the defendant's plea. The judge noted the defendant's prior association with gang members and the "gang pull" which caused the defendant to leave behind the "wonderful family life" that his mother had provided. It was after this discussion of the consequences of gang activity that the judge ordered that "[the defendant] have absolutely no gang involvement." The judge's statements concerning gang activity illuminate the probation conditions and were unequivocal. See Commonwealth v. Obi, 475 Mass. 541, 549 (2016) ("[I]n context the judge's statement [regarding condition of probation] was clear").
The defendant nonetheless contends that the condition was vague because he was permitted to attend the UTEC program, a program which other gang-involved youths attend. The conditions of probation specifically authorized attendance at this supervised program, and no ambiguity is evident in or created by this aspect of the order.
In essence, the defendant maintains that the probation condition punished mere association,[5] and was therefore impermissibly vague. The probation condition was not vague. A person of common intelligence would understand that "no gang involvement" barred the social media postings, which affirmed the defendant's affiliation with and loyalty to the Young Gunners gang. See Kendrick, supra. Moreover, the defendant's efforts to hide his Facebook page from his probation officer permitted the inference that he was well aware that his activities violated the terms of his probation. See Commonwealth v. Toney, 385 Mass. 575, 584-585 (1982) (evidence of concealment as consciousness of guilt); Commonwealth v. Woods, 466 Mass. 707, 715-716 (2014) (defendant's inconsistent and false statements to police showed consciousness of guilt); Mass. G. Evid. § 1110 (2017).
Finally, the defendant urges us to conclude that the terms of his probation would not be clear to a juvenile of common intelligence. This argument was not raised before the Juvenile Court judge, and there is no evidence in the record to support it. Any further extension of the case law to the imposition of conditions of probation on juveniles resides in the purview of the Supreme Judicial Court. See Diatchenko v. District Attorney for the Suffolk Dist., 466 Mass. 655, 671 (2013) ; Commonwealth v. Okoro, 471 Mass. 51, 59-61 (2015). Moreover, for the reasons stated above, the record supports the judge's conclusion that the defendant received fair notice and was aware of the conditions of his probation.
Order revoking probation affirmed.

A Lowell police officer testified that the Young Gunners gang was involved in the illegal sale of drugs and possession of firearms.

We have considered all of the postings to the defendant's accounts for purposes of assessing whether the accounts were properly authenticated. See note 3, infra. We have considered only those postings to the defendant's accounts that occurred after the plea in reviewing whether the revocation of probation was an abuse of discretion.

At the surrender hearing and at oral argument before this court, counsel for the defendant maintained that the evidence of the postings was infirm because the Commonwealth had not demonstrated that the defendant posted the pictures. No challenge to the admissibility of this evidence was made in the defendant's brief to this court, and we are not required to consider it. See Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Commonwealth v. Horton, 434 Mass. 823, 836 n.15 (2001) ; Hunt v. Commonwealth, 434 Mass. 1012, 1012 n.1 (2001). In any event, the argument is without merit. "Evidence that the defendant's name is written as the author of an e-mail or that the electronic communication originates from an e-mail or a social networking Web site such as Facebook or MySpace that bears the defendant's name is not sufficient alone to authenticate the electronic communication as having been authored or sent by the defendant."Commonwealth v. Purdy, 459 Mass. 442, 450 (2011). Here, the photographs were posted to a profile page containing both the defendant's picture and his nickname, and the profile picture was updated. There were other "confirming circumstances." Ibid. See Commonwealth v. Gilman, 89 Mass. App. Ct. 752, 758-759 (2016). For example, a posting dated December 31, 2015, to the Dopeboy YGz Facebook page states "Thankful That I Got Released Nd Got To Spend My Daughters First Christmas And New Years !" The defendant had recently become a father, and his desire to be with his daughter had played a role in the argument that he be placed on probation. Also on December 31, 2015, the defendant posted a picture "throwing up a YG Gang sign" with the tag line "New Year." This picture was followed by additional pictures of the defendant posted in January and March depicting the defendant making gang signs. While the year did not appear on these posts, the probation officer testified that he looked at the social media pages which were posted over a period of time. The judge acted well within her discretion in drawing the inference that the January and March photographs were posted after the probation conditions were imposed, that is in 2016, the year in which the probation officer saw the postings and took screen shots of them.

He had been friends with several gang members since childhood, and they came to his home after, as a condition of probation, he was placed on curfew and global positioning system (GPS) monitoring. The Commonwealth does not contend that these visits, alone, violated the terms of his probation.