HOUTCHENS; WARD *v.* LANE, WARDEN OF THE INDIANA STATE PRISON.

[Nos. 30,717 and 30,718. Filed April 19, 1965. Rehearing denied June 1, 1965.]

*Robert S. Baker* and *Sid M. Cleveland,* Public Defenders, for appellants.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—These two cases have been consolidated on appeal for argument and determination. They both involve an appeal from the denial of a writ of habeas corpus. The appellants were each found guilty of petit larceny while armed with a deadly weapon, by a jury in the Knox Circuit Court. The trial judge fixed the sentences. It is contended that **the jury,** rather than the trial judge, should have fixed the sentences.

We have first presented to us whether or not this Court has jurisdiction in an appeal of this character and whether or not a motion for a new trial is the proper manner for presenting alleged error in an appeal in a habeas corpus case.

Burns' Ind. Stat. Anno. §2-3218 (1946 Repl.) reads in part as follows:

> "An appeal to the Supreme Court may be taken from an interlocutory order of any circuit, superior or probate court, or judge thereof, in the following cases:
>
> . . . . .
>
> "Fourth. Orders and judgments upon writs of habeas corpus made in term or in vacation."

Likewise, Burns' Ind. Stat. Anno. §4-214 (1964 Supp.) states:

> "Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court of Indiana, as follows:
>
> . . . . .
>
> "Fifth. Cases of habeas corpus."

The appellee below filed motions to quash the petitions for writs of habeas corpus, which motions were sustained, and the appeals are predicated upon the sustaining of the motions to quash.

It is contended by the appellants that no motion for a new trial upon which to predicate errors for an appeal was necessary in this case, since there was no trial. Some considerable argument is made on both sides as to whether or not the order quashing the petition for a writ was an "interlocutory order", and therefore a motion for a new trial would not be necessary. The statute first above cited is confusing in referring to interlocutory orders in habeas corpus matters. It seems to us that the order in habeas corpus, discharging or refusing to discharge a person from custody, would be final unless appealed from.

As stated by Judge Gilkison in his concurring opinion in *Elder* v. *Dowd, Warden, etc.* (1954), 233 Ind. 256, 262, 118 N. E. 2d 805, 808:

> ". . . it would be interesting to know what, if any, applicable *interlocutory* order any court or judge thereof could possibly make in any habeas corpus proceeding that might be brought." (Our italics)

The court's entry in this case reads as follows:

> ". . . it is now ordered by the Court that Respondent's motion to quash, be and the same is hereby sustained, and petitioner is remanded to the custody of the Respondent."

The order entered is a final order or judgment, and not interlocutory in character. It remands the appellants to the custody of the appellee-warden. An appeal may be taken from such order or final judgment to this Court. *State* v. *Leed* (1962), 243 Ind. 402, 183 N. E. 2d 607, 186 N. E. 2d 5.

The next question that concerns us is whether or not a motion for a new trial was necessary in this case to present alleged error on appeal. The appellants point out there was no trial and therefore a motion for a new trial would be improper.

In *Elder* v. *Dowd, Warden, etc.* (1954), 233 Ind. 256, 118 N. E. 2d 805, the opinion by Judge Emmert seems to intimate that a motion for a new trial should have been filed. However, that opinion does not disclose that there was any actual *trial* or hearing of evidence. Judge Gilkison, in his concurring opinion, states flatly that no motion for a new trial is required. In the later case of *Turner* v. *O'Neal, Sheriff, etc. et al.* (1957), 237 Ind. 258, 261, 145 N. E. 2d 1, 2, we state:

> "It has long been the recognized practice that errors occurring at and during the trial on a petition for a writ of habeas corpus must be raised by a motion for a new trial."

It is our judgment that there being no trial, a motion for a new trial is not proper to present error on appeal. However, if there has been a trial in a habeas corpus proceeding, a motion for a new trial is the proper means of presenting alleged error occurring during the trial or prior thereto, as provided under Rule 2-6.

22 I.L.E. New Trial, §2, p. 6 states:

> "A new trial may not be granted if there has not been a trial. An application for a new trial of

a case which has not been tried is an unintelligible request."

In 1 Flanagan & Wiltrout, Indiana Trial and Appellate Practice §1814, p. 391, it is stated:

"A motion for a new trial is not appropriate where there has been no trial. If judgment was rendered on default, the motion for a new trial is not proper except to cover a trial of the issue as to the amount of damages. State ex rel. Lawson v. Stodola (1949) 226 Ind. 631, 82 N. E. 2d 896; Briggs v. Snegham (1873) 45 Ind. 14; Fisk v. Baker (1874) 47 Ind. 534; Rooker v. Bruce (1908) 171 Ind. 86, 85 N. E. 351. Thus, where a demurrer is sustained and judgment entered upon failure of the plaintiff to plead over, a motion for new trial is not appropriate. General Outdoor Advertising Co. v. Indianapolis (1930), 202 Ind. 85, 172 N. E. 309, 72 A.L.R. 453. By statute a motion for a new trial is not required in some cases."

We call attention to Rule 2-2, which was recently amended, which provides that the time within which an appeal must be perfected runs "from the date of the judgment or the ruling on the motion for a new trial (whichever is later), ...."

What we have said is for the purpose of clarifying the opinion of *Elder* v. *Dowd, Warden, etc.* (1954), 233 Ind. 256, 118 N. E. 2d 805, in which there was some confusion among the various opinions written by the members of the Court at that time as to when a motion for a new trial was or was not proper in a habeas corpus proceeding.

We come next to the contention of the appellants that the trial court erred in fixing the sentence after the verdict of the jury finding the appellants guilty.

The appellants rely upon Burns' Ind. Stat. Anno. §9-1819 (1956 Repl.), which reads as follows:

"When the defendant is found guilty the jury, except in the cases provided for, in the next three [2] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; where the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted. (Acts 1927, ch. 200, §1, p. 574)"

On the other hand, the statute under which the appellants were found guilty, Burns' Ind. Stat. Anno. §10-4709 (1956 Repl.), reads as follows:

"Any person who being over sixteen [16] years of age, commits or attempts to commit either the crime of rape, robbery, bank robbery, petit larceny or grand larceny while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon, or while any other person present and aiding or assisting in committing or attempting to commit either of said crimes is armed with any of said weapons, shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten [10] years nor more than twenty [20] years, *to be fixed by the court*: Provided, That such court shall have the right to provide in the judgment that such term of imprisonment shall not run concurrently with any imprisonment that may be adjudged for either of the crimes first above enumerated but that such term of imprisonment shall be served beginning at the expiration of the imprisonment adjudged for either of said first named crimes. (Acts 1929, ch. 55, §1, p. 139)" (Our emphasis)

It appears to us plainly that the latter statute gives authority to the trial court to fix the punishment when the jury returns a verdict of guilty. It should be noted that this latter statute, Burns' §10-4709, is the more recent statute. It was passed in 1929, while the statute upon which the appellants rely was passed in 1927. Where there

is a conflict between statutes, the more recent statute is controlling and a specific provision prevails over a general provision relating to the same subject matter. *Grether* v. *Ind. State Bd. of Dental Examiners* (1959), 239 Ind. 619, 159 N. E. 2d 131; *Town of Homecroft, et al.* v. *Macbeth* (1958), 238 Ind. 57, 148 N. E. 2d 563; *Straus Bros. Co.* v. *Fisher* (1928), 200 Ind. 307, 163 N. E. 225; *Cox* v. *Timm* (1914), 182 Ind. 7, 105 N. E. 479.

For the reasons stated, the judgment is affirmed in each of the above cases.

Myers and Landis, JJ., concur, Jackson, J., dissents; Achor, J., not participating.

NOTE.—Reported in 206 N. E. 2d 131.