Morritz J. WEISS, Appellant–Plaintiff,

v.

**INDIANA PAROLE BOARD,**
**Appellee–Defendant.**

No. 55A01–0505–CV–234.

Court of Appeals of Indiana.

Dec. 8, 2005.

Morritz J. Weiss, Indianapolis, Pro Se.

Steve Carter, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Morritz J. Weiss appeals the trial court's Trial Rule 12(B)(6) dismissal of his complaint, which challenged the Indiana Parole Board's imposition of sex offender parole conditions on him, and his Motion for Preliminary Injunction. Indiana Code § 11–13–3–4(b) gives the Indiana Parole Board authority to impose any condition on a parolee that has a reasonable relation to the parolee's reintegration into the community and is not unduly restrictive of a fundamental right. Because the imposition of the sex offender parole conditions on Weiss meets these requirements, Weiss's complaint was properly dismissed. We therefore affirm the trial court.

### Facts and Procedural History

On April 22, 2003, Weiss was convicted of aggravated battery and sentenced to twenty years in prison with 2,880 days credit. Weiss was released on parole on December 31, 2004. Shortly after Weiss was paroled, his parole agent recommended that he be required to adhere to the standard and special sex offender parole conditions in addition to the standard parole conditions. The parole agent based this recommendation on Weiss's crime, which involved Weiss raping a minor and leaving her for dead. The agent felt these additional requirements would "protect society and encourage rehabilitation." Appellant's App. p. 14. Weiss refused to sign the Standard and Special Parole Stipulations for Sex Offenders forms.

In response to the imposition of the additional sex offender parole conditions, Weiss filed a Verified Complaint and a Motion for Preliminary Injunction to prevent the Indiana Parole Board from imposing them. On April 28, 2005, the Indiana Parole Board filed a motion to dismiss with a supporting memorandum. Later that day, the trial court granted the motion to dismiss pursuant to Trial Rule 12(B)(6). In the order, the trial court held that the Indiana Parole Board may impose any condition on a parolee that is reasonably related to his successful reintegration into the community and not unduly restrictive of a fundamental right. The trial court found that the sex offender conditions complained of met these requirements, and therefore, Weiss's complaint failed to state a claim upon which relief could be granted. Weiss now appeals the dismissal of his claim.

### Discussion and Decision

Weiss appeals the dismissal of his claim raising two issues. First, the heart of Weiss's appeal is that the trial court erred in dismissing his claim and Motion for Preliminary Injunction based on the language of Indiana Code § 11–13–3–4(g), which Weiss contends prohibits the Indiana Parole Board from imposing the sex offender conditions on a parolee not convicted of a crime under Indiana Code § 5–2–12–4. Second, Weiss argues that the trial court violated his due process rights, specifically his right to be heard, by not holding a hearing on the preliminary injunction.

### I. Grant of 12(B)(6) Motion to Dismiss

▮▮▮▮ The standard of review for the dismissal of a claim granted pursuant to Trial Rule 12(B)(6) is *de novo,* requiring no deference to the trial court's decision. *Sims v. Beamer,* 757 N.E.2d 1021, 1024 (Ind.Ct.App.2001). A motion to dismiss based on Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted tests the sufficiency of a claim, not the facts supporting it. *Id.* Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts upon which the trial court could have granted relief. *Id.* In determining whether any facts will support the claim, we may look only to the complaint and the reasonable inferences to be drawn therefrom, and we may not rely upon any other evidence in the record. *Id.* If a complaint states a set of facts which, even if true, would not support the relief requested therein, we will affirm the dismissal. *Id.* Furthermore, we may affirm the trial court's grant of a motion to dismiss if it is sustainable upon any theory. *Id.*

Weiss contends that the Indiana Parole Board does not have the authority to impose the parole conditions for sex offenders, Indiana Code § 11–13–3–4(g), on a parolee who was not convicted of a sex offender crime as defined under Indiana Code § 5–2–12–4. Weiss attempts to support his argument by pointing to the language under Indiana Code § 11–13–3–4(g):

(g) As a condition of parole, the parole board:

(1) *may* require a parolee who is a sex and violent offender (as defined in IC 5–2–12–4) to:

(A) participate in a treatment program for sex offenders approved by the parole board; and

(B) avoid contact with any person who is less than sixteen (16) years of age unless the parolee:

(i) receives the parole board's approval; or

(ii) successfully completes the treatment program referred to in clause (A); and

(2) *shall:*

 (A) require a parolee who is an offender (as defined in IC 5–2–12–4) to register with a sheriff (or the police chief of a consolidated city) under IC 5–2–12–5;

 (B) prohibit the offender from residing within one thousand (1,000) feet of school property (as defined in IC 35–41–1–24.7) for the period of parole, unless the offender obtains written approval from the parole board; and

 (C) prohibit a parolee who is an offender convicted of a sex offense (as defined in IC 35–38–2–2.5) from residing within one (1) mile of the victim of the offender's sex offense unless the offender obtains a waiver under IC 35–38–2–2.5.

(Emphases added.)

■ Weiss argues that use of "may" and "shall" in this section indicates that the Indiana Parole Board may only impose the listed restrictions on parolees convicted of sex and violent offender crimes. However, by using "may" and "shall," it is evident that the imposition of the restrictions is permissive and directive, but not prohibitive. Significantly, the statute does not contain a prohibition on imposing these conditions on parolees who are not convicted of sex and violent offender crimes.[1] To determine whether imposing these conditions on Weiss is valid under the Indiana

Parole Board's authority, the conditions, as applied to Weiss, must be examined under the Board's general authority to impose parole conditions.

 The Indiana Parole Board is given general authority to impose additional conditions beyond the standard conditions for a person on parole as long as the conditions are reasonably related to the parolee's successful reintegration into the community and not unduly restrictive of a fundamental right. I.C. § 11–13–3–4(b); *see also Harris v. State,* 836 N.E.2d 267, 273 (Ind. Ct.App.2005), *trans. pending.* Therefore, if the reasonable relation and not unduly restrictive thresholds are met, the Indiana Parole Board has the authority to impose the additional parole conditions.

■ The additional parole conditions imposed on Weiss include, among others, that he register with local law enforcement authorities as a sex offender, not possess any sexually arousing materials, complete a sex offender treatment program, sign any waiver needed for his parole agent to obtain a report of his progress in treatment, inform all persons at his residence of his sex-related convictions, not have any contact with children, not reside within one thousand feet of a park, school, day care, etc., and not have any contact with his victim or victim's family. Although Weiss was not convicted of a sex offender crime, he pled guilty to aggravated battery of a

---

1. The dissent concludes that rules of statutory construction prohibit the Indiana Parole Board from imposing the sex offender conditions found in Indiana Code § 11–13–3–4(g) on a parolee not convicted of a sexual offense. However, other rules of statutory construction require that "when two statutes are capable of coexistence, it is the duty of the courts, absent a clear expressed legislative intention to the contrary, to regard each as effective, and that in interpreting related and co-existing statutes, the courts must harmonize and accord full application to each of these stat-

utes unless they are irreconcilable and in hopeless conflict." 73 Am.Jur.2d *Statutes* § 168 (2001). We do not find a clear legislative intent indicating that otherwise reasonable conditions may not be imposed on offenders because those conditions are also conditions that may be imposed on the sexual offender. Rather, our interpretation harmonizes and gives full application to each of the sections of the statute by preserving the authority of the Parole Board to impose reasonable conditions for the safe and successful reintegration of parolees into the community.

minor after originally being charged with attempted murder. Weiss does not deny that the battery to the minor also involved a rape of her. These acts are a significant part of his social interaction history that should be taken into account when determining what conditions would aid his reentry to society. Because his crime involved a sexual act with a child, the imposition of the sex offender conditions are reasonably related to Weiss's reintegration into the community.

As to whether these conditions unduly restrict a fundamental right, there is no fundamental right that Weiss cogently argues is violated, and we find none that could be violated by this set of conditions.[2] Thus, both criteria of the statute are met, and the imposition of these conditions is valid under the Indiana Parole Board's authority. Therefore, Weiss's complaint fails to state a claim upon which relief can be granted, and the trial court properly dismissed his complaint.

## II. Preliminary Injunction

Weiss's second argument, although not easily ascertainable from his brief, is that his constitutional right to due process, specifically his opportunity to be heard, was violated because the trial court did not hold a hearing on the requested preliminary injunction. However, this argument is based on a misunderstanding of preliminary injunctions.

 The purpose of a preliminary injunction is to maintain the status quo pending adjudication of the underlying claim. *Paul v. I.S.I. Services, Inc.,* 726 N.E.2d 318, 321 (Ind.Ct.App.2000). If the complaint, upon which a preliminary injunction is requested, fails to state a claim and is appropriately dismissed under Trial Rule 12(B)(6), there is no longer an underlying claim on which the preliminary injunction can stand. The lack of a hearing in this case does not violate Weiss's constitutional rights because after the dismissal of Weiss's claim, Weiss's preliminary injunction was also dismissed.

Affirmed.

FRIEDLANDER, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

I respectfully dissent as to Part I.

It appears that were it not for the specific wording of I.C. § 11–13–3–4(g) the general provision of I.C. § 11–13–3–4(b) would permit the Parole Board to impose a condition that a person not convicted of a crime defined under I.C. § 5–2–12–4 regis-

---

2. Weiss attempts to make an argument using *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), to say that the fundamental right that is violated is a liberty interest created by the mandatory language in Indiana Code § 11–13–3–4(g). However, this method of finding a liberty interest based on mandatory language used in a statute was rejected by the United States Supreme Court in *Sandin v. Conner,* 515 U.S. 472, 473, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Therefore, *Hewitt* is no longer good law on this point.

Weiss also attempts to use *Jones v. State,* 789 N.E.2d 1008 (Ind.Ct.App.2003), *reh'g denied, trans. denied,* to argue that absent a material change in circumstances, the Indiana Parole Board does not have the authority to modify a parolee's conditions, and a modification would violate his due process rights. However, *Jones* involves probation, and Weiss's claim involves parole. In contrast to probation, Indiana Code § 11–13–3–4(d) provides the Indiana Parole Board with the authority to modify a parolee's parole conditions as long as it provides the parolee with notice of those modifications. Having this power to modify, the Indiana Parole Board's modification of Weiss's parole conditions does not violate Weiss's right to due process.

ter as a sex offender, so long as the conditions of parole were reasonably related to the parolee's successful reintegration into the community and not unduly restrictive of a fundamental right.

The presence of I.C. § 11–13–3–4(g) however persuades me that such is not the case with respect to the parolee here. This provision is specifically and unmistakably focused upon persons convicted of the crimes enumerated in I.C. § 5–2–12–4. Here, Weiss was convicted of aggravated battery, a crime not covered by I.C. § 5–2–12–4. In this respect, although the circumstances of the commission of Weiss's crime might well be relevant to imposition of sex-offender conditions were it not for I.C. § 11–13–3–4(g), the latter provision speaks to the legislative intent in enacting the statute in the manner and form which was done.

I draw significance from the fact that subsection 4(g) is the more specific of the provisions involved and it appears subsequent in position to the general provisions of 11–13–3–4(b). If the legislature had intended that sex-offender parole conditions be imposed under (b) in an appropriate circumstantial setting there would have been no reason to make specific provision for such conditions under (g). Furthermore, any such perceived legislative intent is undercut by the fact that imposition of the conditions is clearly restricted to an "offender" as defined within I.C. § 5–2–12–14.

The general provision of subsection (b) of I.C. § 11–13–3–4 was contained in the original legislation enacted in 1979, effective October 1, 1980. Acts 1979, P.L. No. 120, § 6. The specific provision of subsection (g) concerning sexual offenders was not placed into the statute until 1994. Acts 1994, P.L. No. 11, § 8.

As a general proposition of statutory construction, the 1994 amendment must be taken to have been intended as a limitation of the very broad words of subsection (b). *Houtchens v. Lane,* 246 Ind. 540, 545–46, 206 N.E.2d 131, 134 (Ind.1965) noted the well-established proposition that where there is a conflict between statutory provisions, the more recent is controlling and a specific provision controls over a general provision relating to the same subject matter.

In *Robinson v. Wroblewski* 704 N.E.2d 467 (Ind.1998), our Supreme Court was confronted, as here, with an apparent conflict between sections of the same statute. The Court reiterated the holding of *Houtchens* and held once again that the specific provision takes priority over a general provision. *Id.* at 475.

More apropos to the case before us is the analysis found in 73 AM.JUR.2d *Statutes* § 170 (2001):

> "Where there is in the same statute a specific provision and also a general on which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to affect only such cases within its general language as are not within the provisions of the particular provision . . . ."

Furthermore, when, as here, there has been an amendment to the statute, the principle has been stated as follows:

> "It is presumed that an amendment of a prior statute is intended to change the law unless it clearly appears the amendment was passed to clarify the legislature's original intent." *Halley v. Blackford County Sch. Corp.,* 531 N.E.2d 1182, 1184 (Ind.Ct.App.1988).

It is my view that the 1994 amendment to the statute in question reflects the proposition set forth in *Bailey v. Menzie,* 505 N.E.2d 126, 128 (Ind.Ct.App.1987):

"One inference that may be drawn from an amendment adding a provision to a statute is that, in the view of the legislature, the statute as originally drafted did not contain the provision."

Under such analysis, subsection (b) did not, and does not now contemplate imposition of conditions of probation for sex offenders enumerated under subsection (g).

It may be noted in this regard that the magnitude of the problem perceived to exist with respect to sex offenders first received outright legislative attention from our General Assembly in 1994 when the underlying statutes, I.C. § 5–2–12–1 et seq. were enacted. It was in this same session and in the same Public Law 11 of the Acts of 1994 that I.C. § 11–13–3–4(g) was added to the Conditions of Parole statute.

Accordingly, it is my firm impression that the 1994 enactments reflected a legislative view that the broad language of I.C. § 11–13–3–4(b) would not embrace a discretionary condition of parole regarding sex offender registration. Thus, I do not believe that the language of (b), unchanged in its form or content, allows sex offender registration as a condition of parole except as provided under the specifics of subsection (g).

Although it would be within the prerogative of the General Assembly to amend the statute to reflect the policy inferred by the majority in its opinion here, the statute in its present form and in the clear and unmistakable language chosen does not so provide.