PRAIRIE MATERIAL SALES, INC., and The Larry Workman Trust, Appellants–Plaintiffs,

v.

LAKE COUNTY COUNCIL and Board of Commissioners of Lake County, Indiana, Appellees–Defendants.

No. 37A03–0603–CV–123.

Court of Appeals of Indiana.

Oct. 19, 2006.

Michael L. Muenich, Highland, IN, William H. Tobin, South Holland, IL, Attorneys for Appellants.

John N. Pangere, John S. Dull, Ray L. Szarmach, Gerald M. Bishop, Merrillville, IN, Attorneys for Appellees.

## OPINION

BAKER, Judge.

Appellants-plaintiffs Prairie Material Sales, Inc., (Prairie) and The Larry Workman Trust (the Workman Trust) (collectively, the appellants) appeal the trial court's dismissal of their cause of action against appellees-defendants Lake County Council and Board of Commissioners of Lake County (collectively, Lake County) pursuant to Indiana Trial Rule 12(B)(6). The appellants contend that the trial court's dismissal of their action for inverse condemnation and a declaratory judgment improperly permitted Lake County to restrict mining operations at their stone quarry in violation of various state statutes. The appellants further claim that the trial court erred in denying their motion for summary judgment and that it erroneously denied their request that the trial court enter designations of undisputed facts prior to the hearing.

Concluding that the trial court properly dismissed the appellants' claims and finding that the motion for summary judgment was properly denied in light of the grant of the motion to dismiss, we affirm the judgment of the trial court.

## FACTS

Prairie is the lessee of a quarry at 205th and Austin Streets in Lowell that is owned by the Workman Trust. Sometime in 1998, the Lake County Council enacted Ordinance 1772, which rezoned the area where the quarry is located from an agricultural zone to a Conditional Development District (CDD). The ordinance permitted the quarry to operate as a crushed stone facility. The ordinance set forth the following conditions:

1. That the designated route for truck traffic be 205th Avenue;

    a) A written commitment from the petitioner that when 213th Avenue is constructed, they will route all traffic from 205th Avenue to 213th Avenue.

. . .

2. That the Rogers Group[1] and the Lake County Board of Commissioners enter into an agreement that the Rogers Group pay for the replacement of the bridge on 205th Avenue (with the Commissioner's approval);

3. That all staff and agency comments be incorporated into the motion to approve.

Appellants' App. p. 27. The Lake County Plan Commission recommended its approval of this ordinance on August 8, 2000.

Also in August 2000, the Lake County Council approved Ordinance 1206B, which established a fifteen-ton weight limit on several roads that surrounded the quarry. This ordinance was adopted pursuant to the request of the Lake County Board of Commissioners and the result of an engineering study conducted on July 2, 2000.

1. Rogers Group, Inc. had previously leased the quarry from the Workman Trust and sub-sequently assigned that lease to Prairie.

The only other means of access was via a bridge over which loads greater than eight tons were not permitted. The designated evidence established that Prairie's trucks carrying mined rock from the quarry bear loads up to thirty-six tons. Hence, Prairie maintained that because of the load restrictions on the surrounding roads and bridge, it cannot operate the quarry.

On December 15, 2004, the appellants filed their complaint against Lake County, arguing that unlawful restrictions had been imposed that effectively prevented them from using the mineral resources from the quarry. In particular, the appellants claimed that Lake County lacked the authority to adopt the above-mentioned ordinances because that legislation violated Indiana Code section 36–7–4–1103(c), which prohibits any action outside urban areas that prevents "the complete use and alienation of any mineral resources or forests by the owner or alienee of them." The appellants contended that because the quarry was outside an urban area, Lake County had no jurisdiction to regulate the use of the mineral resources. As a result, the appellants sought, among other things, a declaratory judgment that the ordinances were void "to the extent that they restrict Prairie and Workman's complete use and alienation of any mineral resources in the Quarry." Appellants' App. p. 24.

On March 28, 2006, Lake County filed a motion to dismiss the appellants' action pursuant to Indiana Trial Rule 12(B)(6), claiming that Indiana Code section 36–7–4–1103 does not apply in these circumstances. In particular, Lake County cited Indiana Code section 36–7–4–1101, which provides that "the area planning law does not apply in: (1) a county where county-wide planning and zoning is required by statute; and (2) a county where having a population of more than ... 400,000 but less than ... 700,000." Lake County asserted that it fell within these provisions.

Thereafter, on May 19, 2006, the appellants filed a motion for partial summary judgment, claiming that they were entitled to judgment as a matter of law because the ordinances improperly restricted the operation and transportation of mined rock from the quarry. As a result, the appellants also claimed that the provisions of Indiana Code section 36–7–4–1103(c) permitted them to proceed immediately with mining operations at the quarry despite the ordinances. Lake County did not respond to the motion.

Thereafter, the appellants filed a request under Trial Rule 56(D) seeking a designation of undisputed fact. In particular, the appellants requested that the trial court "ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted," and "enter an order clarifying the issues that would facilitate an efficient disposition of the case on the merits at trial." Appellants' App. p. 97. Lake County submitted a memorandum in opposition to this request, prompting the appellants to file a motion to strike certain factual assertions that were included in that memorandum but not timely designated as required by Trial Rule 56. The Lake County Council also filed a memorandum in opposition to the motion for summary judgment, which the appellants also moved to strike.

Following a hearing on all pending motions, the trial court ultimately granted Lake County's motion to dismiss under Indiana Trial Rule 12(B)(6). The trial court determined that the provisions of Indiana Code section 36–7–4–1101 included Lake County and noted that because "Indiana Code section 36–7–4–1103 applies to area planning, ... said statute does not apply to Lake County and the Defendants

are not bound by its provisions." *Id.* at 17. The trial court also denied the motion for summary judgment, declaring it "moot" in light of its ruling on the motion to dismiss. *Id.* at 18. Prairie and the Workman Trust now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

In reviewing the dismissal of a claim under Trial Rule 12(B)(6), we afford no deference to the trial court's decision. Thus, our review is de novo. *Weiss v. Ind. Parole Bd.*, 838 N.E.2d 1048, 1050 (Ind.Ct. App.2005), *trans. denied.* A motion to dismiss based on Trial Rule 12(B)(6) tests the sufficiency of a claim and not the facts supporting it. *Id.* Viewing the complaint in the light most favorable to the nonmoving party, this court must determine whether the complaint states any facts upon which the trial court could have granted relief. *Id.*

### II. The Appellants' Claims

#### A. Motion to Dismiss

The appellants contend that the trial court erred in granting Lake County's motion to dismiss. Specifically, the appellants maintain that dismissal of their action was improper because Lake County's enactment of the ordinances restricted their "complete use and alienation of mineral resources in the quarry," which is contrary to law. Appellants' Br. p. 11.

In resolving this issue, we first examine several statutes that are relevant to our disposition of this matter. As set forth above, Indiana Code section 36–7–4–1101 provides that "[t]he area planning law does not apply in: (1) a county where countywide planning and zoning is required by statute; and (2) a county having a population of more than . . . 400,000 but less than . . . 700,000." In addition, Indiana Code

section 36–7–4–102 provides that "[t]he area planning law consists of those parts of this chapter that are applicable to area planning. Sections and subsections of this chapter with headings that include AREA apply to area planning." Finally, Indiana Code section 36–7–4–1103(c), the statute about which the appellants primarily complain, states as follows: "ADVISORY— AREA. This chapter does not authorize an ordinance or action of a plan commission that would prevent, outside of urban areas, the complete use and alienation of any mineral resources or forests by the owner or alienee of them."

Here, the appellants contend that the trial court erroneously determined that Indiana Code section 36–7–4–1101 necessarily precludes the application of section 1103(c) to Lake County. Specifically, the appellants argue that "every reported case interpreting Indiana Code section 36–7–4–1103(c) has interpreted the statute in favor of the owner or alienee and prevented the local zoning board from restricting the excavation of minerals on real estate located in a non-urban area." Appellants' Br. p. 8. Hence, the appellants maintain that because the quarry is outside an urban area, Lake County had no jurisdiction to regulate it and was prohibited from imposing any conditions on the extraction of mineral resources from the quarry.

Notwithstanding these contentions, according to the 2000 federal census, the only county in Indiana having a population of more than 400,000 but less than 700,000 is Lake County. *See* http://quickfacts. census.gov/qfd/states/18/1809.html. Thus, Lake County falls squarely within the provisions of Indiana Code section 36–7–4– 1101. And Indiana Code section 36–7–4– 1103(c) falls within the ambit of the area planning law. Also, as is discussed below, the ordinances in question did not amount to a restriction on mining. Instead, this

legislation amounted to restrictions on the use of the roads surrounding the quarry. In other words, nothing contained in the ordinances purports to stop the quarry from operating as a crushed stone facility—nor does it prohibit any of the mining activities at the quarry. For these reasons, we conclude that the trial court properly granted Lake County's motion to dismiss.[2]

### B. Summary Judgment

The appellants also argue that the trial court erred in denying their motion for partial summary judgment. Specifically, the appellants maintain that the denial of their motion for partial summary judgment was erroneous because the trial court improperly denied their request for designations of undisputed facts and failed to strike certain of Lake County's factual assertions.

In resolving this issue, we first note that our standard of review with regard to the grant or denial of a motion for summary judgment is well settled: summary judgment is appropriate if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Ind. Trial Rule 56(C). Relying on specifically designated evidence, the moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Interstate Cold Storage v. Gen. Motors Corp.*, 720 N.E.2d 727, 730 (Ind.Ct.App.1999). On appeal, we are bound by the same standard as the trial court, and we consider only those matters that were designated at the summary judgment stage. *Id.* The party that lost in the trial court has the burden to persuade the appellate court that the trial court erred. Finally, a grant of summary judgment may be affirmed upon any theory supported by the designated materials. *Bernstein v. Glavin*, 725 N.E.2d 455, 458 (Ind.Ct.App.2000).

Pursuant to Indiana Trial Rule 56(D), the trial court "shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted." As noted above, Lake County filed its motion to dismiss on March 28, 2005, which was initially set for hearing on May 20, 2005. On May 19, 2005, the appellants filed a motion for partial summary judgment. A hearing was held on both motions and, after taking all pending matters under advisement, the trial court ultimately granted the motion to dismiss, and dismissed all other matters as moot. Inasmuch as we have determined that the motion to dismiss was properly granted, it is apparent that entering findings pursuant to Trial Rule 56(D) would be impracticable and unnecessary. Thus, the appellants have failed to show that the trial court abused its discretion when it did not make these findings.

■ Even so, it was the appellants' burden to show that Lake County's actions prevented the *complete* use and alienation of their mineral resources under Indiana

**2.** No argument has been made that special legislation was an issue in this case that Article IV, Section 23 of the Indiana Constitution prohibits "where a general law can be made applicable." *See Municipal City of South Bend v. Kimsey*, 781 N.E.2d 683, 684 (Ind. 2003). Moreover, it is apparent from the record that no replacement bridge was ever constructed on 205th avenue pursuant to the terms of Ordinance 1772. Under that scenario, the appellants would seemingly be estopped from the utilization of the conditional use permit to conduct their mining activities when considering the size of the semi-trucks and their loads.

Code section 36–7–4–1103(c). The only evidence that the appellants submitted in an attempt to prove their allegation that Lake County violated the statute is, the bald and unsupported assertion that the quarry can only operate by using thirty-six-ton semi trucks. Appellants' App. p. 53. Additionally, the appellants admit that the ordinances in question allow for the use of fifteen-ton trucks on the surrounding streets. Thus, the appellants can use smaller trucks to transport minerals from the quarry, and they have failed to show that Lake County's actions prevented the complete use of the mineral resources. As a result, the appellants failed to satisfy their burden of proof for summary judgment purposes.

The judgment of the trial court is affirmed.

CRONE, J., concurs.

VAIDIK, J., concurs in result with opinion.

VAIDIK, Judge, concurs in result.

I agree with the majority that Lake County did not prevent "the *complete* use and alienation of [appellants'] mineral resources under Indiana Code [§ ] 36–7–4–1103(c)." Op. at 376–77. As such, I agree that summary judgment in favor of Lake County would have been appropriate even if the trial court had not dismissed the case. I write separately to express my disagreement with the majority's conclusion that the trial court properly granted Lake County's motion to dismiss.

Indiana Code § 36–7–4–1101 provides that "[t]he area planning law does not apply in . . . a county having a population of more than four hundred thousand (400,000) but less than seven hundred thousand (700,000)." Therefore, the area planning law does not apply in Lake County, the only county in Indiana that has a population of more than 400,000 but less than 700,000. If Indiana Code § 36–7–4–1103(c) is only area planning law, then, the majority would be correct that it does not apply to Lake County. But the heading for Indiana Code § 36–7–4–1103(c) is "ADVISORY—AREA." Indiana Code § 36–7–4–101 provides that "[s]ections and subsections of this chapter with headings that include 'ADVISORY' apply to advisory planning[,]" while Indiana Code § 36–7–4–102 provides that "[s]ections and subsections of this chapter with headings that include 'AREA' apply to area planning." As such, the contents of Indiana Code § 36–7–4–1103(c) are both area planning law and advisory planning law. While area planning law does not apply to Lake County, advisory planning law does, as the Lake County Plan Commission is an advisory plan commission. *See* Ind.Code § 36–7–1–2 (" 'Advisory plan commission' means a municipal plan commission, *a county plan commission*, or a metropolitan plan commission.")(emphasis added); *see also* Ind. State Bar Ass'n & Ind. Planning Ass'n, Indiana Planning and Zoning Law Annotated 2 (2003) (showing Lake County as advisory planning jurisdiction).

Furthermore, according to the reasoning of the majority and the trial court, none of the sections and subsections in Indiana Code chapter 36–7–4 with no heading would apply to Lake County. Indiana Code §§ 36–7–4–101 to 103 provide that sections and subsections without headings apply to advisory planning, area planning, and metropolitan development. The majority would apparently hold that none of these generally applicable statutory provisions applies to Lake County because they all apply to area planning. For example, Indiana Code §§ 36–7–4–220 to 223, which deal with commission vacancies, the expenses of commission members and employees, and conflicts of interest of com-

mission members but have no headings, would not apply to Lake County. This is an untenable result, and I would hold that the only sections and subsections that do not apply to Lake County are those with the "AREA" heading alone.[3]

Given the above, I believe that the trial court erred in granting Lake County's motion to dismiss. Nevertheless, I concur in the result reached by the majority because I agree that summary judgment in favor of Lake County would have been appropriate even if the trial court had not dismissed the case.

---

**3.** In addition, the provisions headed "MET-RO" apply only to Marion County.