

**FILED**

Oct 10 2013, 5:42 am

CLERK
of the supreme court,
court of appeals and
tax court

**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

APPELLANT PRO SE:

**COADY COYOTE CRADDICK**
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

COADY COYOTE CRADDICK,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellant-Defendant,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀No. 52A02-1211-MI-942
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
INDIANA DEPARTMENT OF CORRECTION,⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellee-Plaintiff.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Douglas B. Morton, Judge Pro Tempore
Cause No. 52C01-1203-MI-116

**October 10, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Coady Coyote Craddick appeals from the trial court's order dismissing his complaint against the Indiana Department of Correction (the DOC)[1] alleging that it was violating the Ex Post Facto Clause of the Indiana Constitution by classifying him as a sex offender under the Indiana Sex and Violent Offender Registry Act (the Act).[2]  Finding as we do that the trial court correctly concluded that none of Craddick's claims against the DOC established conduct amounting to punishment implicating Ex Post Facto Clause concerns, and that his claims of deprivation of credit time for failing to participate in a DOC program are not yet ripe for consideration, we affirm.

Craddick is an offender in the custody of the DOC as the result of his convictions and sentences.  More particularly, on April 24, 1984, Craddick pleaded guilty to one count of class A felony rape, one count of class A felony kidnapping, and one count of class C felony robbery.  The trial court imposed two thirty-five-year sentences to be served consecutively and one eight-year sentence to be served concurrently.  In a separate case on that same date, Craddick pleaded guilty to one count of class A felony rape, one count of class B felony burglary, and one count of class B felony robbery.  For those convictions he was sentenced to terms of forty years, twenty years, and twenty years, respectively.  Craddick has been incarcerated in the DOC continuously since 1984 with an earliest possible release date of July 22, 2016.  *See* http://www.in.gov/apps/indcorrection/ofs  (last visited September 24, 2013).

---

[1]  Craddick's complaint also named Commissioner Bruce Lemmon in the caption, but did not include any claims against Commissioner Lemmon.  Craddick's complaint alleges claims against the State of Indiana and the DOC.

[2]  Ind. Code Ann. §§ 11-8-8-1 through 11-8-8-22 (West, Westlaw current with all 2013 legislation).

On April 11, 2011, Craddick filed a petition requesting relief from registering as a sex offender under the Act. On June 28, 2011, the trial court entered an order concluding that Craddick was not required to register as a sex offender under the Act, but the order did not bar the Indiana Parole Board from requiring registration as a condition of parole. Further, the order specifically stated that the order was applicable to Indiana law and was not intended to affect any national registration requirements under the Sex Offender Registration and Notification Act.[3]

On March 15, 2012, Craddick filed a complaint against the DOC claiming that it was using the Act to classify him as a sex offender in violation of the Ex Post Facto Clause of the Indiana Constitution. Craddick claimed that the Act was an ex post facto law as applied to him, as shown by the trial court's June 28, 2011 court order. He further claimed that the use of a provision of the Act to classify him as a sex offender and place restrictions upon him, including limits on receiving earned credit time and work release status, and the requirement that he participate in sex offender therapy programs, were ex post facto violations. In its response, the DOC argued that Craddick had not been exposed to any ex post facto punishment, and that the DOC had discretion regarding where an offender is placed and what therapy he receives.

The trial court held a hearing on the matter and issued an order dismissing Craddick's complaint. The trial court found that none of the matters regarding credit time, work release or the Sex Offender Management and Monitoring Program (SOMM) constituted punishment

---

[3] 42 U.S.C.A. § 16911 *et seq*.

and consequently there was no ex post facto violation by the DOC. The trial court also determined that Craddick's complaint of deprivation of credit time for failing to participate in SOMM was not yet ripe for consideration.

Craddick appeals, challenging the trial court's order, which includes findings of fact and conclusions thereon.

> When reviewing a judgment accompanied by findings and conclusions issued pursuant to Indiana Trial Rule 52(A), we apply a two-tiered standard to review. We examine the record to determine whether the evidence supports the findings and then determine whether the findings support the judgment. "[W]e disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment." In conducting this review, we consider only the evidence favorable to the judgment, without reweighing that evidence. Therefore, it is clear that the challenger's burden is a heavy one, but one that may be overcome by a showing that the trial court's findings are clearly erroneous.
>
> The particular clearly erroneous standard that is to be employed depends upon whether the appealing party appeals a negative or an adverse judgment. A negative judgment is one that was entered against a party bearing the burden of proof; an adverse judgment is one that was entered against a party defending on a given question, i.e., one that did not bear the burden of proof.

*Romine v. Gagle*, 782 N.E.2d 369, 376 (Ind. Ct. App. 2003) (internal citations omitted).

Here, Craddick challenges what he perceives to be the DOC's application of the Act to him by restrictions placed on him. The DOC contends that while application of the Act to require Craddick to register as a sex offender in the sex offender registry would constitute an ex post facto violation as applied to him, stipulations or restrictions placed on Craddick due to the nature of his offenses do not rise to the level of ex post facto violations. For reasons explained fully below, we agree with the State.

4

Ind. Code Ann. § 35-50-6-3.3(d)(8) (West, Westlaw current with all 2013 legislation) provides with respect to credit time for the successful completion of an education degree that "a person who is serving a sentence for an offense listed under IC 11-8-8-4.5 may not earn credit time under this subdivision." Enumerated within this statute defining sex offender, is rape. I.C. § 35-42-4-1. It is uncontroverted that Craddick was convicted of two counts of rape, and thus, would not be eligible for credit time. Craddick maintains, however, that I.C. § 11-8-8-4.5, is an ex post facto law as applied to him, and consequently any cross-reference by the legislature in I.C. § 35-50-6-3.3 is impermissible. Craddick contends that the DOC is prohibited from using the list under I.C. § 11-8-8-4.5 to classify him as a sex offender and deny him credit time for completion of the PLUS program (reformative program).

The State correctly notes that there was no evidence before the trial court that Craddick had completed any of the requirements of the PLUS program. The evidence submitted suggests that he was told that pursuant to statute, he would not be able to receive credit time for completion of the PLUS program. Furthermore, the list of crimes in I.C. § 11-8-8-4.5 is an efficient means of referencing all sex crimes instead of reproducing the list in other portions of the Indiana Code. We disagree with Craddick's conclusion that a restriction on credit time is an impermissible ex post facto law by association with a definitional section in the Act.

Additionally, to the extent Craddick seems to suggest that I.C. § 35-50-6-3.3(d)(8) is an ex post facto law as applied to him, this argument fails.

> The United States Constitution provides that "[n]o State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. The Indiana Constitution

5

provides that "[n]o ex post facto law . . . shall ever be passed." Ind. Const. art. I, § 24. Among other things, "[t]he ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *Weaver v. Graham*, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325–26, 18 L.Ed. 356 (1867)). The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties. *Armstrong v. State*, 848 N.E.2d 1088, 1093 (Ind. 2006).

*Jensen v. State*, 905 N.E.2d 384, 389-90 (Ind. 2009).

At the time Craddick committed his offenses and was sentenced, 1984, there was no educational credit time statute in place. I.C. § 35-50-6-3.3 was enacted in 1993. *Budd v. State*, 935 N.E.2d 746 (Ind. Ct. App. 2010). In 2010, subsection (d)(8) was added to provide that credit time for reformative programs was not available for those guilty of certain offenses. *See* Pub. Law 42-2010. Craddick has not been deprived of credit time available to him at the time of his offenses in 1984, nor has the penalty for rape committed in 1984 been increased. The trial court did not err by dismissing Craddick's claim.

Craddick also claims that the DOC's improper classification of him as a sex offender denied him entitlement to work release. The State correctly notes that Craddick has failed to show that he was entitled to serve a portion of his sentence on work release at the time he committed his crimes and was sentenced. Craddick fails to cite to a statute or DOC policy that deprived him of a right to be placed on work release. Instead, Craddick's evidence consists of a classification appeal where he contends he is not allowed to obtain work release. Craddick repeats his argument in this context that the DOC's use of the statutory definition

of sex offender to restrict his ability to be placed on work release amounts to an ex post facto violation. But even if the DOC used the statutory definition to classify Craddick's offender status, it would not be depriving him of placement on work release. As our Supreme Court has previously stated with respect to the classification of sexually violent predator, "The statute does not grant the DOC any authority to classify or reclassify." *Lemmon v. Harris*, 949 N.E.2d 803, 815 (Ind. 2011). That was so because the statute defined sexually violent predator status. The same is true here.

Besides, placement decisions and the nature of incarceration are exclusively within the control of the DOC. "After sentencing, the custody of the defendant is with the Executive branch, represented by the Department of Correction[]." *Barnes v. State*, 435 N.E.2d 235, 242 (Ind. 1982). "The determination of the locale for incarceration is a function vested by the legislature in the Department of Correction[]." *Id.* "[T]he selection of a site for incarceration and the nature of that incarceration are matters within the domain of the Department of Correction . . . ." *Albright v. State*, 463 N.E.2d 270, 272 (Ind. 1984). What these holdings reveal is that the DOC has the ultimate authority to determine where an offender is incarcerated and whether placement in a work-release facility is warranted. Craddick has failed to establish clear error in the dismissal of his claim.

Craddick also asserts that the DOC's allegedly inappropriate classification of him as a sex offender and requirement to participate in the SOMM program while incarcerated establishes an ex post facto violation. Craddick has failed to present evidence that the DOC uses I.C. § 11-8-8-4.5 to determine who must participate in the SOMM program. Assuming

7

*arguendo* that the DOC did use the list in its determination of SOMM program participation, the requirement to participate would not constitute an ex post facto violation. For example, in *Hevner v. State*, 919 N.E.2d 109 (Ind. 2010), the Supreme Court held that while prosecution for violation of a residency restriction statute would violate ex post facto concerns, use of that restriction as a condition of probation would neither be unreasonable nor an ex post facto violation because it has a reasonable relationship to the treatment of the offender and protection of the public.

Our conclusion that participation in the SOMM program is not an ex post facto violation finds support in the fact that required participation is not punishment. As the trial court found, the SOMM program is a therapeutic program designed to help an offender successfully re-integrate into society post-incarceration. Participation in the program is not additional punishment and does not alter Craddick's sentence. To the extent that Craddick contends that he will be subjected to deprivation of earned credit time if he does not participate in the SOMM program, that contention is not ripe for consideration. Craddick's re-entry accountability plan shows that he is not required to complete the SOMM program until he is within three years of his release. Craddick presented his argument to the trial court in 2012, but his earliest release date is in 2016.

"Ripeness involves the timing of judicial review and the principle that judicial machinery should be conserved for problems that are real and present or imminent, not squandered on problems that are abstract or hypothetical or remote." *In re Paternity of M.G.S.*, 756 N.E.2d 990, 1004 (Ind. Ct. App. 2001). A trial court lacks jurisdiction over

8

claims that are not yet ripe for review. *Porter Mem'l Hosp. v. Malak*, 484 N.E.2d 54, 60 (Ind. Ct. App. 1985). The events of which Craddick complains may or may not occur and the program may or may not exist when he is eligible to participate.

The SOMM program is a program provided to inmates during their incarceration. We have held that the sex offender parole stipulations may include the requirement of attending treatment programs if the programs are reasonably related to a parolee's reintegration into the community and are not unduly restrictive of a fundamental right. *Harris v. State*, 836 N.E.2d 267 (Ind. Ct. App. 2005); Ind. Code Ann. § 11-13-3-4(b) (West, Westlaw current with all 2013 legislation). This is true even if the parolee has not been convicted of a sex offender crime. *Weiss v. Ind. Parole Bd.*, 838 N.E.2d 1048 (Ind. Ct. App. 2005).

In sum, the trial court's findings are supported by the evidence and the findings support the trial court's conclusions and judgment. Craddick has failed to establish clear error.

Judgment affirmed.

BAKER, J., and VAIDIK, J., concur.