## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2017, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Charles M. Cormack
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Charles M. Cormack, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Keith Butts, <br> *Appellee-Respondent.* | December 21, 2017 <br><br> Court of Appeals Case No. 33A01-1705-MI-1051 <br><br> Appeal from the Henry Circuit Court. <br> The Honorable Kit C. Dean Crane, Judge. <br> Trial Court Cause No. 33C02-1702-MI-15 |

**Shepard, Senior Judge**

[1] Appellant Charles Cormack, now on parole from child molesting and sexual misconduct, sought relief from various conditions typically imposed on sexual offender parolees, like a prohibition on contacting his victim, claiming they violate ex post facto. We affirm.

## Facts and Procedural History

[2] On July 29, 2002, Cormack was sentenced to thirty-six years with eight years suspended for one count of child molesting, a Class C felony[1], and two counts of sexual misconduct with a minor, one B felony and one C felony.[2]

[3] According to Cormack, he was released to parole and probation on August 1, 2013. He was subsequently arrested for a parole violation. Upon finding that Cormack had committed a violation, the parole board revoked his parole and imposed the balance of his sentence in March 2016.

[4] In February 2017, Cormack filed a petition for writ of habeas corpus claiming ex post facto violations and requesting immediate release from prison. The State[3] responded with a motion to dismiss under Trial Rule 12(B)(6). The trial court gave Cormack ten days to object, stating that his failure to object might result in the granting of the motion without a hearing. Although beyond the ten-day period, Cormack filed his objection. The trial court nevertheless dismissed Cormack's ex post facto claim and denied his release from imprisonment claim on April 26, 2017. He now appeals.

---

[1] Ind. Code § 35-42-4-3 (1998).

[2] Ind. Code § 35-42-4-9 (1998).

[3] Although Cormack named Keith Butts, the Warden of the New Castle Correctional Facility, as the sole respondent in this action, we will refer to the appellee as "the State."

# Issues

Cormack presents two issues for our review, which we restate as:

> I. Whether conditions of Cormack's parole constitute prohibited ex post facto laws.
>
> II. Whether Cormack is entitled to immediate release from prison.

# Discussion and Decision

## I. Ex Post Facto

Our review of a dismissal pursuant to Trial Rule 12(B)(6) is de novo. *Weiss v. Ind. Parole Bd.*, 838 N.E.2d 1048 (Ind. Ct. App. 2005), *trans. denied*. Viewing the petition in the light most favorable to the non-moving party, we must determine whether it states any facts upon which the trial court could have granted relief. *Id.* If the petition sets forth facts which, even if true, would not support the relief requested, we will affirm the dismissal. *Id.*

Cormack claims that the parole requirement that he participate in the Sex Offender Management and Monitoring (SOMM) program violates the constitutional prohibitions of ex post facto laws.

Both the federal and state constitutions prohibit ex post facto laws. U.S. CONST. art. I, § 10; IND. CONST. art. I, § 24. An ex post facto law imposes a punishment for an act that was not punishable at the time it was committed or imposes additional punishment to that then prescribed. *Ramon v. State*, 888 N.E.2d 244 (Ind. Ct. App. 2008). The focus of the ex post facto inquiry is not

on whether the change causes a disadvantage; rather, we must determine whether the change increases the penalty by which a crime is punishable or alters the definition of criminal conduct. *Id.* Analysis of alleged violations is the same under both constitutional provisions. *Upton v. State*, 904 N.E.2d 700 (Ind. Ct. App. 2009), *trans. denied*.

[9] The practice of releasing prisoners on parole has become an integral part of our penological system—not as an ad hoc exercise of clemency but as an established variation on imprisonment. *Harris v. State*, 836 N.E.2d 267 (Ind. Ct. App. 2005), *trans. denied*. The primary purpose of parole is to help offenders reintegrate into society as constructive individuals without being confined for the full term of their sentence. *Id.* To accomplish this goal, offenders placed on parole are subjected to specific conditions that restrict their activities substantially beyond ordinary restrictions imposed by law on individual citizens. *Id.*

[10] The parole board has the power to determine whether prisoners should be released on parole and, if so, under what conditions. Ind. Code §§ 11-13-3-3, -4 (2012); *Harris*, 836 N.E.2d 267. A prisoner is released on parole only upon his agreement to these conditions, and the parole agreement is a contract between the prisoner and the State by which the parolee is bound. *Harris*, 836 N.E.2d 267. The board may also impose additional conditions beyond the standard conditions as long as they are reasonably related to the parolee's successful reintegration into the community and not unduly restrictive of a fundamental right. Ind. Code § 11-13-3-4(b).

Here, the additional parole condition for Cormack is his participation in the SOMM program. This very question was addressed in *Patrick v. Butts*, 12 N.E.3d 270 (Ind. Ct. App. 2014). The *Patrick* panel explained:

> The Parole Board is allowed to impose conditions that are "reasonably related to the parolee's successful reintegration into the community," Ind. Code § 11–13–3–4(b), and that subsection was in place when Patrick was convicted [in 1991]. Our Supreme Court has found that the SOMM program "is a valuable tool aimed at the legitimate purpose of rehabilitating sex offenders before they are fully released from State control." *Bleeke v. Lemmon*, 6 N.E.3d 907, 940 (Ind. 2014). As the Parole Board's authority to impose conditions on parole is not limited by the date on which the program was created, but rather is limited by the program's ability to help reintegrate the parolee into society, the order that Patrick participate in SOMM does not violate the ex post facto clause.

*Id.* at 271-72. We find this reasoning to be true in this case as well.

## II. Habeas Corpus Claim

Cormack argues that his due process rights were violated because he was not advised of the full consequences of his plea agreement, specifically his ten-year mandatory parole.

The purpose of a writ of habeas corpus is to determine the lawfulness of the defendant's detention and may not be used to determine collateral matters not affecting the custody process. *Hardley v. State*, 893 N.E.2d 740 (Ind. Ct. App. 2008). A defendant is entitled to a writ of habeas corpus if he is unlawfully

incarcerated and entitled to immediate release. *Randolph v. Buss*, 956 N.E.2d 38 (Ind. Ct. App. 2011), *trans. denied*.

[14] We review the trial court's decision on a habeas petition for an abuse of discretion. *Id.* We do not reweigh the evidence, and we consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.*

[15] At the time relevant in this case, Indiana Code section 35-50-6-1(d) provided: "When an offender (as defined in IC 5-2-12-4) completes the offender's fixed term of imprisonment, less credit time earned with respect to that term, the offender shall be placed on parole for not more than ten (10) years." Our Supreme Court has held that a court is "not required to advise the defendant of the parole consequences of his plea. The parole impact of a plea is neither a constitutional right nor an advisement required by statute." *Fulmer v. State*, 519 N.E.2d 1236, 1238 (Ind. 1988). Even if Cormack was not informed at his sentencing that he would be placed on parole, he is not entitled to habeas relief on such a claim.

## Conclusion

[16] For the reasons stated, we conclude the trial court did not err in dismissing Cormack's ex post facto claim and denying his habeas claim.

[17] Affirmed.

Barnes, J., and Brown, J., concur.